Gitchell v. Messmer.

| 87 | 131 |
|---|---|
| 97 | 135 |
| 97 | 136 |
| 87 | 131 |
| 100 | 591 |
| 87 | 131 |
| 175 | 287 |

GITCHELL, *Appellant* v. MESSMER.

Ejectment : TAX SALE : REAL ESTATE OF WIFE. A wife's interest in her real estate belonging to her before her marriage is not affected by a tax suit and sale to which she was not a party, and the purchaser at such sale cannot recover in an action of ejectment against her tenant, although the husband was a party to the tax suit.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Hermann & Reyburn* for appellant.

(1) Ejectment, in this state, does not determine the ultimate title to the land, but only the present right

of possession. *Eoff v. Thompkins*, 66 Mo. 225; *Miller v. Bledsoe*, 61 Mo. 96.   (2) In the land owned by the wife, where the deed does not create a separate estate, the husband has a well defined and valuable interest. *Cooper v. Ord*, 60 Mo. 430; *Grant v. White*, 42 Mo. 260; *Hall v. Stephens*, 65 Mo. 670; *Bledsoe v. Simms*, 53 Mo. 308; *Paul v. Leavitt*, 53 Mo. 595. (3) This interest of the husband is sufficient to bring the property within the jurisdiction of the court, in an action to enforce the state's lien for back taxes. *Gitchell v. Kreidler*, 84 Mo. 472; *Stafford v. Fizer*, 82 Mo. 393.   (4) In possesory actions the husband is the only necessary or proper party. *Bryan v. Wear*, 4 Mo. 106; *Beal v. Harman*, 38 Mo. 439; *Wilson v. Geraghty*, 70 Mo. 519; *Danner v. Berthold*, 11 Mo. App. 351.   (5) Back taxes are a charge on the realty, and are not a personal debt of the owner.  2 R. S., of Mo. of 1879, sections 6,831, 6,832, 6,836, 6,838 and 6,853.   (6) The state's lien for taxes is superior to every other lien or interest in the property, and a sheriff's deed enforcing this lien conveys the superior title which will prevail in an action of ejectment. *Stafford v. Fizer, supra; Gitchell v. Kreidler, supra; Boatmen's Savings Bank v. Grewe*, 84 Mo. 477; *Powell v. Gray*, not yet reported; *Meyer v. Bassett*, not yet reported.

*Joseph S. Dobyns* for respondent.

(1)   Hilton had no interest in the land at the time the back tax suit was brought.  He was only a judgment creditor of Socrates Newman and his judgment was satisfied prior to the institution of the suit.   (2) Bigelow had no interest in the land at the time the back tax suit was brought.   (3) If plaintiff acquired any interest under the sheriff's deed it must have been under the judgment against Socrates Newman.   But he had no vendible interest under execution on a judgment against him alone.  R. S., sec. 3295.  Newman could himself

make no conveyance of the land.    *Wannell v. Kem*, 51 Mo. 110.  The sheriff's deed conveyed no interest held by the husband in the land by virtue of his marital rights.    *Clark v. Rynex*, 53 Mo. 380.

BLACK, J.—Ejectment commenced against both Messmer and Socrates Newman, but dismissed as to the latter.    Lina Newman before her marriage with Socrates Newman owned the property in question.    There are children of that marriage now living.    In 1865 Newman and wife leased the property to Bigelow and Jeffs, for a period of ten years with right of renewal. Jeffs assigned his interest in the lease to Bigelow and Griffin, who continued to be the lessees until 1874, when Bigelow became sole tenant and so continued until 1875, when the lease expired.    There was no renewal; but for failure to pay rents, etc., the lease was forfeited and surrendered to the lessors.    Bigelow then became tenant from month to month, until 1880, when defendant, Messmer, became the tenant of Mrs. Newman paying the rents to her alone.    The plaintiff claims title under a judgment recovered in a suit commenced by the collector in 1878, to enforce the lien against the property for unpaid taxes thereon for the years from 1871 to and including 1876.    Mrs. Newman was not made a defendant in that suit, but Socrates Newman, Bigelow and Hilton were.    This ejectment suit was begun in 1881.

It is not claimed that the purchaser at the sale for unpaid taxes acquired any interest in the property because of the fact that Hilton was a defendant to the tax suit, nor can it be maintained that he acquired any title which will assist him in this suit because Bigelow was a defendant, for the lease was forfeited and surrendered in 1875, and Bigelow had no right to or in the property when this suit was commenced.    Even his right as tenant from month to month had expired before that time.

Mrs. Newman, as we have seen, was not made a de-

fendant to the tax suit, and it is hardly necessary to say: that her interests in and to the property were not affected by those proceedings. If the plaintiff acquired any interest through the sheriff's tax sale it was that of her husband and that alone. Now by the statute (sec. 3295), he could not make any valid conveyance of the rents, issues or products of the property, or of any interest in the real estate. Any such conveyance by him alone would be of no force or effect whatever. Without her consent, evidenced by deed, he had no right to sell the rents of her lands. *Silvey v. Summer et al.*, 61 Mo. 253. His marital interest, whatever it may be, is not vendible on execution for his debts. He could not by his own act deprive her of the use of the property. It is clear the plaintiff is in no better position than the husband.

It must follow that plaintiff should fail in this suit, though the tax suit was an effort to enforce a lien which attached to the property. Affirmed. All concur.