MASON, *Sheriff*, v. GITCHELL, *Appellant*, NEWMAN,
·*Respondent*.

**Tax Sale :** REAL ESTATE OF WIFE.  A wife's interest in her real estate
belonging to her before her marriage is not affected by a tax suit
and sale to which she was not a party, and, although the husband
was a party to the tax suit, the purchaser at such sale is not
entitled to a surplus arising out of a subsequent tax sale of said
property.  (*Gitchell v. Messmer*, 87 Mo. 131, *affirmed*).

*Appeal from St. Louis City Circuit Court.*—HON. W.
H. HORNER, Judge.

AFFIRMED.

*S. Hermann* for appellant.

The husband's curtesy in his wife's lands, not held
to her sole and separate use, is a property right, the sale
of which for back taxes, under the revenue law of 1877,
conveys a valuable and tangible interest in the land.
*Dyer v. Whittler*, 89 Mo. 81; *Kanagha v. Railroad*,
76 Mo. 207 ; *Valle v. Obenhause*, 62 Mo. 90 ; *Gray v.
Dryden*, 79 Mo. 106 ; *Stafford v. Fizer*, 82 Mo. 393 ;
R. S. 1879, secs. 6831, 6832, 6836, 6837, 6838, 6853 ;
*Payne v. Lott*, 90 Mo. 676.

*J. S. Dobyns* for respondent.

S. Newman had no interest in the land of his wife
that was subject to execution and sale under a judgment
against him alone.  *Wannell v. Kem*, 51 Mo. 110 ;
*Clark v. Rynex*, 53 Mo. 380; *Sall v. Saunders*, 24 Miss.
24 ; *Chandler v. Chaney*, 37 Ind. 391 ; Rorer on Jud.
Sales, sec. 645.

RAY, C. J.—This is the same case in another form as the ejectment case of *Gitchell v. Messmer*, reported in 87 Mo. 131. In said ejectment suit, the plaintiff Gitchell claimed title, under a judgment recovered in a suit by the collector, in 1878, to enforce the lien against the property for unpaid taxes for the years from 1871 to and including 1876, to which Lina V. Newman was not a party, although her husband was. Since the institution of, and during the pendency of said suit in ejectment by said Gitchell against Messmer, who was the tenant in possession under Mrs. Newman, the collector brought, it seems, another suit for unpaid taxes, for other and subsequent years, the defendants therein being the said Gitchell and said Lina V. Newman (who are the interpleaders in this cause) and Socrates Newman, the husband of said Lina V. Newman. Under a judgment duly rendered, and an execution regularly issued thereunder, the lot was sold for the taxes of these subsequent years, and at this sale, which was the second sale thereof for taxes, Mrs. Lina *M.* Newman (who, it seems, is a different person from Mrs. Lina V. Newman, formerly Lina Vitalis) became the purchaser, at and for a sum which was more than sufficient to satisfy the judgment and costs. The surplus in the sheriff's hands arising from this sale, which amounted to some twenty-six hundred dollars, was claimed by both Gitchell and Mrs. Lina V. Newman. The said Mason, sheriff as aforesaid, filed the present bill to require these parties to interplead and settle the title to this money. Upon a trial of the issues, the court found for Mrs. Newman, and the interpleader Gitchell has appealed from the judgment in her favor.

There is no dispute as to the facts in the present record ; but an agreed statement thereof, which in brief shows the claims of the parties upon the funds in question to be in accordance with their respective titles, which are the same as those heretofore litigated in the

said ejectment suit and reviewed by this court in 87 Mo., *supra.* The position and claim of interpleader Gitchell in the cause now before us is in hostility to the views entertained by this court in the ejectment suit, as to the interests acquired by the said Gitchell under the tax suit proceedings and judgment. He asserts a claim on this fund now in controversy upon the theory that he acquired an interest as purchaser at the first tax sale, and that the purchase price bid by Lina M. Newman at this second sale of the lot for taxes was paid for *his* said interest so acquired in the said former tax proceedings.

It appears in this record, as in the said ejectment suit, that Mrs. Lina V. Newman, who was the owner in fee of the property, was not, as before stated, made a party defendant in said first tax suit, but that said Bigelow, Hilton and Socrates Newman, the husband of Lina V. Newman, were. It is apparent from the record that said Bigelow and Hilton had no interest in the lot when the first tax suit was brought. Indeed, this is conceded on all hands, but the claim for Gitchell, made in this case, is that the husband's interest in the wife's land was vendible on execution, and that he acquired it by the first sale. We are not dissatisfied with the views heretofore held, as to the meaning, scope and effect of Revised Statutes, section 3295, and are not at all inclined to overrule our prior decision thereon, which we would, in effect, have to do to sustain the position of counsel for Gitchell on this appeal. It can serve no useful purpose to again go into the learning upon the subject, as to the nature, character and extent of the right of the husband, if any, under said statute. It is sufficient to refer to, and again approve, what has been said by us in that behalf in *Gitchell v. Messmer, supra; Burns v. Bangert,* 92 Mo. 167, and cas. cit. ; *Mueller v. Kaessman,* 84 Mo. 318. Of the several defendants in this second tax suit, Mrs. Lina V. Newman was the only one who

had the ownership, and substantial and real interest in the land, and as the purchase money paid by said Lina *M.* Newman at the tax sale arose therefrom, Mrs. Lina V. Newman is clearly entitled to the surplus, after satisfying the judgment and costs.

As to the alleged hardships suffered in this behalf by the state and said Gitchell, it is, we think, sufficient to say that the collector omitted to make the owner of the property a party defendant in the first tax suit, and said Gitchell was notified and warned at the sale and prior to his purchase that the defendant in the execution had no interest in the property, and he therefore bought with knowledge and at his peril.

This leads to an affirmance of the judgment, and it is accordingly so ordered. All concur.