## BALL et al. v. WOOLFOLK, Appellant.

### Division Two, June 9, 1903.

1. **Quieting Title:** SCOPE OF STATUTE. The Missouri statute of 1897 (R. S. 1899, sec. 650) for quieting title, is highly remedial and beneficial in its purpose. It not only supplements the old equitable remedy to remove a cloud upon the title, but is much more comprehensive than that remedy. It may be used to determine what interest a married woman and her husband took under a deed conveying the property to a trustee for her, although both she and her husband are still living.

2. ————: PLEADING: CAUSE OF ACTION. A petition which states the title upon which plaintiff relies and by which he claims the real estate in controversy, and that defendant claims some interest therein, and then, as far as plaintiff is advised, what that interest is, states a good cause of action under the Missouri statute for quieting titles.

3. **Conveyance:** FEE SIMPLE: THE WORD HEIRS. It is not necessary for the passing of a fee simple estate that the word "heirs" be used in the deed after the name of the grantee.

4. ————: ————: TRUST DEED: POWER OF SALE. It is not necessary, in order that a deed to a trustee for a married woman pass the fee simple title and vest an equitable fee in her, that it contain words expressly granting to her and her trustee the power to sell and convey the land. All that is necessary is that the intention to pass the whole estate of the grantor to her be plainly expressed.

5. ————: ————: ————: NO WORDS OF LIMITATION. Unless there are words in a deed conveying the grantor's whole estate to a trustee for a married woman limiting the estate over after her death, the whole estate passes to her and to her trustee.

6. **Curtesy Initiate:** SALE UNDER EXECUTION. The contingent curtesy of a husband in his wife's lands is not, during the life of the wife, subject to attachment or sale under execution in satisfaction of his sole debts. And a sale of his curtesy interest under execution during coverture is void and conveys to the purchaser no title *in praesenti* or *in futuro*.

7. **Trust Deed:** SUBSTITUTION OF TRUSTEE. The circuit court, being a court of general jurisdiction and vested with the powers of a general chancery court, has power to substitute a new trustee in a deed conveying land in trust to a married woman, after the death

of the former one, and if nothing appears to the contrary, every presumption will be indulged that the proceedings making such substitution were regular.

8. ———: ———: WHO MAY COMPLAIN. Where a deed conveyed the whole equitable fee to a married woman by a deed to a trustee for her, she had full power to sell and convey the estate, and having done so after the death of such trustee through another trustee appointed by the circuit court, no one except the heirs of such deceased trustee can complain of the regularity of the appointment of the substituted trustee.

Appeal from Henry Circuit Court.—*Hon. W. W. Graves*, Judge.

AFFIRMED.

*Campbell & Duckworth* for appellant.

(1) The demurrer to the petition should have been sustained. The defendant claimed no present interest, hence, no cloud existed upon plaintiff's title at the time of filing this suit. Dunklin Co. v. Clark, 51 Mo. 60; Clark v. Ins. Co., 52 Mo. 272; Verdin v. St. Louis, 131 Mo. 157; Fontaine v. Hudson, 93 Mo. 66; Colline R. E. & B. Ass'n v. Johnson, 120 Mo. 299. (2) Upon the death of Krekel the trust created by the deed fell to his heirs, and the duty of having a new trustee appointed devolved upon them; hence, the appointment of Nasse upon the exparte application of the *cestui que trust* by the circuit court of Henry county was an unauthorized proceeding. Ewing v. Shanahan, 113 Mo. 189; Newman v. Newman, 152 Mo. 399; Simpson v. Erisner, 155 Mo. 157. (3) The distinguishing feature between deeds in trust that convey a fee to the *cestui que trust* and those that do not, consists in the power of disposition. Deeds that do not contain this power, create only a life estate in the beneficiary. Walton v. Drumtra, 152 Mo. 489; Schiffman v. Schmidt, 154 Mo. 204. (4) Conceding the appointment of Nasse to be regular, he had no greater power than

Krekel, the original trustee, and no power of disposition being given in the original deed, the legal title is in the trustee; and plaintiff, having no title, can not recover. Dunlap v. Henry, 76 Mo. 106; Ford v. French, 72 Mo. 250; Simpson v. Erisner, supra.

*C. C. Dickinson, Jas. Parks & Son* and *Paxton & Rose* for respondents.

(1) The petition is good under section 650, Revised Statutes 1899. It states the facts and ends with a prayer that defendant be decreed to hold no interest or title in said premises by reason of his deed, and for general relief. Liese v. Meyer, 143 Mo. 555. (2) Section 650 gives a right of action against any person having or claiming to have any title, estate or interest in such property. The word "any" covers all manner of estates and interests, and a future interest in land is as much an estate as any other. The books all talk about estates *in futuro*. Rapalje & Lawrence's Law Dictionary, "Estate," sec. 9; Garrison v. Frazier, 165 Mo. 45. (3) Mrs. Frowein, by the deed from her husband, took a fee simple estate. R. S. 1899, sec. 4590; McCulloch v. Holmes, 111 Mo. 445. (4) The property was, under the deed, her separate estate. The conveyance was made from the husband to the wife (not from a stranger) and contained the words "to her sole and separate use and benefit." Turner v. Shaw, 96 Mo. 22; Small v. Field, 102 Mo. 120. (5) The court will not inquire into the appointment of August Nasse as trustee in this collateral proceeding. There was no such point made in the court below, nor does it appear whether or not the heirs of Arnold Krekel were before the court when the appointment was made. Perry on Trusts, sec. 275; Brandon v. Carter, 119 Mo. 572. (6) But it matters not if the heirs of Arnold Krekel were still trustees at the time Mrs. Frowein conveyed to Ball. The trust was a dry trust, only kept

alive because she was a married woman, and on her conveyance to Ball, the statute of uses vested the legal title in him. (7) Equitable estates are alienable like legal estates, and Mrs. Frowein's deed was sufficient to vest the whole title in Ball without any conveyance from the trustee. Cornwell v. Orton, 126 Mo. 365; 1 Perry on Trusts (4 Ed.), sec. 321; Ryland v. Banks, 151 Mo. 1. (8) A married woman can convey her separate property without the joinder of her husband. Turner v. Shaw, 96 Mo. 22; Whitesides v. Cannon, 23 Mo. 457; Small v. Field, 102 Mo. 105, 120; Cadematori v. Sanger, 160 Mo. 352; Pitts v. Sheriff, 108 Mo. 116; Richardson v. DeGiverille, 107 Mo. 422; Ryland v. Banks, 151 Mo. 7; Fairchild v. Creswell, 109 Mo. 29. (9) It necessarily follows from these decisions that her deed conveys a good title to the grantee, and, hence, it cuts off any curtesy interest of her husband. Hence Mrs. Frowein's deed cut off her husband's curtesy, and there was nothing for Woolfolk to levy on. Chapman v. Price, 83 Va. 392; Neely v. Lancaster, 47 Ark. 175; Bagley v. Fletcher, 44 Ark. 153; Mack v. Roch, 13 Daly (N. Y.) 103; Hutching v. Bank, 91 Va. 68. (10) A sale of the husband's interest during coverture is forbidden by the statute and hence the sale under execution was void and in any event conveyed nothing. Sec. 6868, R. S. 1889; sec. 4339, R. S. 1899; Gitchell v. Messmer, 87 Mo. 134; Mason v. Gitchell, 97 Mo. 137; Burns v. Bangert, 92 Mo. 176; Mueller v. Kaessman, 84 Mo. 325.

. GANTT, P. J.—This is a suit originally commenced by John E. Ball in his lifetime, to quiet title to real estate in the city of Clinton, Henry county, and described as lot 52 and the east half of lot 51 in the original town, now city of Clinton, and six feet off the west side of lots 5 and 6 in Davis's addition to the said town.

The plaintiff obtained judgment in the circuit court

and defendant appealed. Since the lodgment of the appeal in this court plaintiff has died and the cause has been duly revived in the name of his widow and children.

The plaintiff deduced title from Mrs. Augusta Frowein and her trustee, Nasse. The defendant's claim is based upon a purchase at execution sale of the interest of Albert P. Frowein, the husband of said Augusta Frowein.

The cause was tried on the following agreed statement of facts:

"It is admitted that on the —— day of October, 1872, and for some years prior thereto, Albert P. Frowein, mentioned in plaintiff's petition, was the owner in fee simple and in possession of the real estate described in plaintiff's petition, and that in October, 1873, and since 1863, said Albert P. Frowein was and still is the husband of Augusta S. Frowein, named in plaintiff's petition. That Albert P. Frowein for and in consideration of the sum of one dollar, and love and affection, on the —— day of October, 1873, executed and delivered and caused to be recorded his deed of conveyance to the real estate described, in the nature of a deed of trust, wherein he and whereby he conveyed to Arnold Krekel, as trustee, for Augusta S. Frowein, the property described in plaintiff's petition, and that said deed in trust is correctly set out in plaintiff's petition.

"It is further admitted that Arnold Krekel died in the year 1889 without having made any conveyances or disposition of the premises so conveyed to him.

"And subject to the objections for relevancy it is admitted that in a proceeding instituted in the circuit court of Henry county, Missouri, upon the petition of Augusta S. Frowein, said circuit court of Henry county, on March 14, 1889, rendered a decree appointing August Nasse trustee in the place of said Arnold Krekel, for said Augusta S. Frowein under the said

trust deed, and that on or about the 10th day of December, 1898, the plaintiff purchased of the said Augusta S. Frowein said premises for the sum of $4,550, and that thereupon the said August Nasse, as trustee aforesaid, did at the written request of Augusta S. Frowein and for the said consideration of $4,550 paid to her, execute, acknowledge and deliver to plaintiff his deed of conveyance purporting to convey to plaintiff the fee simple title to said premises, and that in addition thereto the said Augusta S. Frowein and her husband, Albert P. Frowein, did make, execute, acknowledge and deliver in due form to plaintiff a deed of conveyance to said real estate in the nature of a general warranty deed, and that both said deeds of conveyance to plaintiff have been duly recorded in the office of the recorder of deeds of Henry county, and this plaintiff entered into possession of said real estate under said deeds and is now in possession of said real estate.

"It is admitted that on May 21, 1897, upon the indebtedness of said Albert Frowein, created by him long after the execution of his said deed to said Arnold Krekel, Calvird & Lewis, as assignees of the Henry County Bank, obtained a judgment against said Albert P. Frowein and one Herman Frowein for the sum of $14,347.15, in the circuit court of Henry county, and that afterwards the defendant became the purchaser and the owner of the assets of said Henry County Bank including the said judgment, and caused execution to be issued out of the office of the clerk of the circuit court of Henry county, upon said judgment, and to be delivered to the sheriff of Henry county, and to be levied by said sheriff upon said above-described real estate as the property of the said Albert P. Frowein and Herman Frowein, and caused said real estate to be sold as the property of said Albert P. Frowein and Herman Frowein under said execution, and at the January term, 1899, of said circuit court, the defendant became the purchaser of said real estate at the said

sale under said execution, and did cause to be made, executed and delivered to defendant a sheriff's deed under said execution to said premises, and caused said deed to be recorded in the office of the recorder of deeds of Henry county, which deed now appears on page 36 of deed book 98 of said Henry county deed records.

"And, subject to defendant's objection for relevancy and materiality, it is admitted that the defendant is now claiming that the said trust deed from said Albert P. Frowein to said Arnold Krekel only conveyed a life estate for the benefit and use of the said Augusta S. Frowein, and that at the death of the said Augusta S. Frowein the defendant will be the sole owner of said premises and entitled to the possession thereof, and that the plaintiff after the death of the said Augusta S. Frowein, would have no title or interest in said real estate.

"And subject to the same objections, it is admitted that the defendant is further claiming that in any event, the said Albert P. Frowein, as husband of the said Augusta S. Frowein, was entitled to a curtesy in said real estate, and that whatever interest the said Albert P. Frowein had in said real estate vested in defendant under his said sheriff's deed, and that upon the death of the said Augusta S. Frowein he, the defendant, will be entitled to the possession of said premises either as the absolute owner thereof or as the owner of the curtesy of the said Albert P. Frowein in said real estate.

"And, subject to the same objections, it is admitted that the defendant is further claiming that said circuit court had no authority to appoint said August Nasse trustee as aforesaid, and that said August Nasse had no right to make said conveyance, and that the said John E. Ball acquired no title in said real estate under the same but took nothing thereby, and that the said Augusta S. Frowein could not convey said real estate as her sole and separate estate free from the curtesy

right of her said husband and could not cause the same to be thus conveyed by said trustee.

"And it is further admitted, subject to the same objections for relevancy and competency, that the defendant has been circulating and is circulating his said claims above set forth."

The foregoing was all the evidence in the case.

Thereupon the court rendered judgment in favor of the plaintiff and against the defendant.

I. We entertain no doubt whatever that the petition states a good cause of action under section 650, Revised Statutes 1899. It states in a plain and concise manner the title upon which plaintiffs rely and by which they claim the real estate in controversy and that defendant claims the same, and then, as far as advised, states the claim which defendant is asserting to the property. The proceeding is provided to settle just such adverse claims in order that the parties may have their rights judicially ascertained and set at rest. The statute is highly remedial and beneficial in its purposes, and supplements the old equitable remedy to remove a cloud from title and is much more comprehensive in its scope. It lies against "any person having or claiming to have any title or interest in such property," and is broad enough to include a future or contingent interest. [Huff v. Land & Imp. Co., 157 Mo. 65; Garrison v. Frazier, 165 Mo. 40.]

II. The deed of A. P. Frowein to Arnold Krekel, in trust for Mrs. Frowein, carried the fee simple estate in and to the lots and vested an equitable fee in Mrs. Frowein. The word "heirs" was not at all necessary to create the fee. That word was long ago dispensed with by our statute. [Sec. 4590, R. S. 1899.]

Neither was it necessary to add words expressly granting to her and her trustee the power to sell and convey. The intention to pass the whole estate of A. P. Frowein is plain. The grant to the trustee was couched in words comprehensive enough to carry the

fee, and the fee thus conveyed inured to the full benefit of Mrs. Frowein, especially so since there are no words limiting her power of alienation. [Ryland v. Banks, 151 Mo. 1.]

The cases of Walton v. Drumtra, 152 Mo. 489, and Schiffman v. Schmidt, 154 Mo. 204, do not affect the conclusion reached, because in this deed there are no words limiting the estate over after the life estate of Mrs. Frowein, and we have repeatedly held that in the absence of any words cutting down the fee to a life estate, the whole estate in fee passed to the first taker. [Small v. Field, 102 Mo. 104.]

But the judgment and decree was right for another reason. The defendant only claims title to the interest of A. P. Frowein in the equitable estate of his wife. It must be conceded that A. P. Frowein in the absence of a fraudulent conveyance to hinder, delay or defeat his creditors, could convey this land for a valuable consideration or by gift to his wife, and the most plausible claim of defendant is that said Frowein has a contingent estate by the curtesy in the lots, if he should survive his wife. Certainly he has no right during her life to the possession or issues and products of the lots during her life in view of her separate equitable estate therein. [Woodward v. Woodward, 148 Mo. 241.]

It is plain that by our statute, section 6868, Revised Statutes 1889, now section 4339, Revised Statutes 1899, "the interest of her husband in her right in any real estate which she has acquired by gift, grant, devise or inheritance during coverture," is, during coverture, exempt from attachment or levy for the sole debts of her husband.

The facts of this case bring it within the exact language of the statute. Mrs. Frowein acquired the title to these lots during coverture from her husband, and the coverture still existed when plaintiff obtained his judgment against her husband for his sole debt, and when his execution was levied thereon and his deed was

taken. The language of the statute is, his "interest shall *during coverture be exempt*," thus absolutely prohibiting a levy and sale of his contingent interest of curtesy or otherwise *during the coverture*.

The statute is too plain for construction. The defendant had no power to subject A. P. Frowein's interest, if any he had, to his debt during coverture, and therefore the sale and deed were void and conveyed to defendant no title *in praesenti* or *in futuro*. The judgment of the circuit court in so holding was unquestionably correct. [Gitchell v. Messmer, 87 Mo. 131; Burns v. Bangert, 92 Mo. 167.]

III. As to the proposition discussed in regard to the proceedings substituting Nasse as trustee after the death of Judge Krekel: The record in this case does not disclose who was before the court in that case. Unquestionably the circuit court, as the general chancery court, has power to substitute a trustee, and being a court of general jurisdiction and having power in that class of cases, and nothing more appearing, every presumption must and will be indulged as to the regularity of its proceedings, and moreover no such point as this appears to have been considered in the circuit court. But in the view we take of the deed from A. P. Frowein to Judge Krekel, the whole equitable fee was cenveyed to Mrs. Frowein, and she had full power to convey the same, and having done so, the plaintiffs have succeeded to her estate, and no one but Krekel's heirs could raise the objection now urged. The defendant having acquired nothing by his levy and sale is in no position to question the regularity of the proceedings to substitute Nasse as trustee. The judgment and decree of the circuit court is in all things affirmed.

All concur.