FRANK STURGES *v.* THEODORE S. SWIFT.

PARTNERS: REMEDIES AGAINST EACH OTHER.—A co-partner may sue his associate at law upon a note or due-bill given to him on a *partial* settlement of the partnership affairs; but the defendant cannot, in such an action, set off against the demand of his co-partner a written acknowledgment of money received by the plaintiff on account of the partnership, as it is only an admission of indebtedness to the firm, and not to the defendant individually.

IN error from the Circuit Court of Copiah county. Hon. John E. M'Nair, judge.

The defendant in error sued the plaintiff in error, in the Circuit Court of Copiah county, in assumpsit, to recover the amount of a due-bill executed by the defendant below, in which he acknow-

ledged an indebtedness of $378, on a settlement of their partnership accounts up to the date of the due-bill.

The defendant demurred to the complaint, but at the same time filed answers to the merits without any disposition having been made of the demurrer. Among other answers the defendant pleaded:

1. That the due bill mentioned in the declaration was given on a partial settlement only of the partnership accounts between the plaintiff and defendant.

2. Payment, with notice of a set-off; which was filed and made a part of the answer.

This set-off consisted of a written acknowledgment, by the plaintiff, that he held certain notes belonging to the partnership, amounting to $800; also that he had received on account of the partnership since their last settlement, $164.50.

To the first answer the plaintiff demurred, and his demurrer was sustained. Upon plaintiff's motion the plea of payment and the set-off filed to sustain it, were stricken out, upon the ground that the set-off was an acknowledgement of a debt due by plaintiff to the firm of Swift & Sturges, and not to Sturges individually. A trial was had on the general issue, and verdict and judgment were rendered for the plaintiff for the full amount of his claim. The defendant prosecutes this writ of error.

*T. J.* and *F. A. R. Wharton,* for plaintiff in error.

*W. P. Harris,* for defendant in error.

FISHER, J., delivered the opinion of the court.

This was an action in the Circuit Court of Copiah county, by plaintiff below to recover the amount of a due-bill executed by the defendant to the plaintiff. The defence set up is, that the parties were co-partners, and that the due-bill was executed for a balance due by the defendant to the plaintiff on account of co-partnership transactions; and that the co-partnership not having been dissolved, the plaintiff's remedy was in a court of equity. We disagree with counsel in this position. One partner may sue his co-partner, at

law, on a note, obligation, or even an account stated, ascertaining the sum due. The object of going into equity is, to get an account concerning matters about which the parties are unable to agree; but to hold that when they have agreed and given a legal shape to their contracts, such contracts cannot be enforced at law, would be equivalent to holding that either the subject was of such a nature, or the relation of the parties such, that the law would not permit them to contract. The almost universal rule is, that where there is not a legal prohibition, parties may contract upon the principle that the law acts by restraint and not by conferring rights.

The question as to the set-off has been settled by former decisions. Judgment affirmed.