————o————

I. S. LEABO, Defendant in Error, *vs.* E. T. RENSHAW, Plaintiff in Error.

1 *Partnership liability from plaintiff to defendant cannot be set up as counter-claim, when—Dissolution and settlement.*—There can be no liability from one partner to another by virtue simply of the partnership relation, which can be made the subject of set-off or counter-claim, until there has been a settlement; and where the answer sets up no connection between the debt sued on and the partnership, and makes no allegation of the insolvency of plaintiff or of any other fact calling for the interposition of equity, the court will not in such action decree a dissolution of the partnership and settlement of partnership accounts.

*Error to Moniteau County Court of Common Pleas.*

*Owens & Woods,* for Plaintiff in Error.

*Moore & Williams,* for Defendant in Error.

HOUGH, Judge, delivered the opinion of the court.

The plaintiff as payee, sued the defendant as maker, upon two promissory notes, one of which bore date January 1st, 1863, the other April 10th, 1869, and both of which were payable one day after date. The defendant pleaded several counter claims, and in addition thereto set up in substance that the plaintiff and the defendant were and had been, from a period prior to the 1st of January, 1868, co-partners in buying, herding, feeding and selling hogs and cattle; that several settlements were had prior to the year 1868, and on said

settlements defendant was found to be indebted to plaintiff, and gave the notes sued on, for such balances as were then found to be due, and that the note dated April 10th, 1869, was given in renewal of a note made long prior to that date, at one of the settlements aforesaid ; that in October, 1868, the plaintiff and defendant as such co-partners, made a contract with one Wear to buy, feed and sell cattle, under which transactions involving a large amount of money were had ; that on a settlement of the accounts of the co-partnership, the business of which was then ended, a balance would be found to be due from the plaintiff to the defendant greater than the amount of the notes sued on, of all which matters he stated on account and prayed for a dissolution and settlement, and for judgment for the balance found to be due.

The plaintiff admitted that there were joint transactions prior to 1868, but averred that they were separate and distinct from each other, and were fully settled, and had no connection whatever with the engagement entered into with Wear in October, in 1868, and denied that any continuous co-partnership existed between them, as was alleged by the defendant.

The testimony of the defendant himself fails to show any continuous partnership, but simply shows that he and the plaintiff traded together in stock three years in succession, and settled with each other at the close of the season in each year except the last.

The court took cognizance of the defendant's cross-petition, and proceeded to take an account of the co-partnership transactions, and rendered a decree for plaintiff, after deducting from the amounts due upon the notes the sum found due to the defendant on a settlement of the partnership accounts.

The defendant brings the case here by writ of error, and complains of the decree, the rejection of testimony, the failure of the court to award a change of venue for which he made application, and the refusal of the court to grant a new trial on the ground of newly discovered evidence, all of which objections we must decline to notice.

Leabo v. Renshaw.

There were no facts stated in the defendant's answer, nor did any appear in evidence which would authorize the common pleas court to decree a dissolution and proceed to a settlement of the partnership accounts in this action. There was no connection between the notes sued on, and the transactions in stock in which Wear was interested and which the defendant sought to have settled. There was no allegation of the insolvency of the plaintiff, nor of any other fact which would warrant the court in depriving him of his right to a judgment on the notes in suit, until the co-partnership transactions set up by the defendant were settled and determined. This prospective demand was not such a counter-claim as is contemplated by the statute, nor did it constitute any equitable defense, nor as stated, could it entitle the defendant to any affirmative relief in this action.

"I do not understand," says Hand, J., in Ives vs. Miller (19 Barb., 196) "that one partner has a demand, debt or counter-claim against his co-partner before or after dissolution, until a final settlement, where there is no fraud, nor an express agreement, nor any special circumstances." Vide also Parsons on Part., 271.

What one partner may owe the firm cannot become a debt due a co-partner, without a settlement of the co-partnership affairs. "The supposed creditor's debt is due from the firm of which he is a partner, and the supposed debtor owes the money to himself in common with his co-partner." Lord Cottonham—(Richardson vs. Bank of England, 4 My. &. Cr., 165.)

As there can be no liability on the part of one partner to another, by virtue simply of the partnership relation, which can be made the subject of set-off or counter-claim until there has been a settlement; and as no sufficient ground for equitable relief in this action is stated in the answer, the judgment of the court below will be reversed, and the cause remanded. The other judges concur.