77  359
88  189

# Charles S. Berry and Hattie D. Berry, for the use of Hattie D. Berry, v. Gerard J. L. De Bruyn.

1. PARTNERS—*Suits Between Will Not Lie at Law—Exception to the Rule.*—As a general rule, an action at law will not lie by one partner against another, but among the exceptions to this rule is that of a separate and distinct security or negotiable instrument given by one partner to another on the partnership account, in which an action at law by one partner against the other will lie.

2. SAME—*Where One May Sue Another at Law.*—One partner may sue his copartner at law, on a note, obligation, or even an account stated, ascertaining the sum due. The object of going into equity is to get an account concerning the matters about which the partners are unable to agree.

3. SAME—*Suits on Contracts Between.*—To hold that where partners have agreed and given legal shape to their contracts, such contracts can not be enforced at law, would be equivalent to holding that either the subject was of such a nature, or the relation of the parties such that the law would not permit them to contract.

4. SAME—*Contracts Between.*—Where there is not a legal prohibition, partners may contract upon the principle that the law acts by restraint and not by conferring rights.

**Assumpsit,** on a promissory note. Trial in the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Case dismissed for want of jurisdiction. Judgment for defendant for costs. Error by plaintiff. Heard in this court at the March term, 1898. Reversed and remanded. Opinion filed July 21, 1898.

CRATTY, JARVIS & CLEVELAND, attorneys for plaintiffs in error.

MALCOLM DALE OWEN, attorney for defendant in error.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

Defendant in error, on December 2, 1895, made his promissory note of that date for the sum of $30,000, payable to the order of Charles S. Berry or his wife, Hattie D. Berry, ninety days after date, with interest at six per cent per annum, and reciting that it was given for services and

expenses rendered the maker from August 21, 1895, to November 16, 1895. It does not appear to whom the note was delivered, but, not having been paid, this suit was begun August 19, 1897, in the name of the payees for the use of Hattie D. Berry, the declaration being the common counts. The defendant pleaded the general issue and a special plea that the note was given without any good and valuable consideration whatever. The plaintiffs took issue on both pleas, and later the defendant gave notice that he would at the trial give evidence of certain matters of set-off, specifying the same. At the trial December 1, 1897, before the court and a jury, the plaintiffs offered the note in evidence, and rested. The defendant then offered evidence tending to show there was no consideration for the note and rested, whereupon the plaintiffs offered evidence in rebuttal, tending to show that there was some consideration for the note, and also tending to show that at the time the note was given, the defendant and Hattie D. Berry, one of the payees of the note for whose use the suit was brought, and the wife of Charles S. Berry, the other payee, were partners in the detective business or detective agency; and that said Charles S. Berry was in the employ of the firm during the period when the services mentioned in the note were rendered, and that the note was given in part for services rendered by Mrs. Berry and in part by her husband, all the services being rendered in the firm business.

When the evidence on the rebuttal developed the existence of a partnership between Mrs. Berry and the defendant, the court entered the following order, viz. :

" During the examination of witness Charles S. Berry, it appearing to the court that the note is a partnership matter and can not be adjudicated in this suit, therefore the court of its own motion and against the objections of the plaintiffs, suspends the further examination of witnesses or introduction of evidence, and dismisses the case for want of jurisdiction." And thereupon also gave judgment in favor of the defendant and against the plaintiffs for costs. To reverse this order and judgment this writ of error is prosecuted.

Berry v. De Bruyn.

We have not been favored by either counsel with the citation of a single authority against or in support of the action of the learned trial judge.    The duty of counsel is to assist the court in arriving at correct conclusions in the cases submitted.    They have not performed that duty in this case so far as aiding us in the determination of the legal proposition involved is concerned.    This court has the right to expect the benefit of the assistance and experience of counsel in every case, not only as to facts, but the law bearing upon the questions at issue.    If counsel are derelict in their duty to this court as well as their clients, the highest prerogative of the attorney and solicitor, they must bear the consequences if the conclusions we may reach fail to administer the justice and equity which suitors are entitled to receive.    The wisest and most equitable and righteous decisions result not so much from the ability, industry and conscientious discharge of duty by the judges, as from the learning, patience, industry and conscientious effort on the part of the bar to aid the court in reaching just and correct conclusions.

Numerous errors are assigned, but we are justified in assuming that they are all waived by failure to argue any, except that the court erred in suspending the evidence and dismissing the case for want of jurisdiction.

It is true, as a general rule, that an action at law will not lie by one partner against another, but among other exceptions to this rule is that of cases of a separate and distinct security or negotiable instrument given by one partner to another, on the partnership account, in which it is held an action at law by one partner against the other will be allowed.    2 Bates on Partnership, Secs. 878, 879 and 880; 1 Collyer on Partnership, Secs. 257, 258 and 259; Chamberlain v. Walker, 10 Allen, 429; Sturges v. Swift, 32 Miss. 240; Rockwell v. Wilder, 4 Metcalf, 560; Crater v. Bininger, 45 N. Y. 546, and cases cited; Ryder v. Wilcox, 103 Mass. 27; Van Ness v. Forrest, 8 Cranch, 30.

In the Sturges case, *supra*, the court said :    " One partner may sue his copartner at law, on a note, obligation or even

an account stated, ascertaining the sum due. The object of going into equity is, to get an account concerning the matters about which the parties are unable to agree; but to hold that when they have agreed and given legal shape to their contracts, such contracts can not be enforced at law, would be equivalent to holding that either the subject was of such a nature, or the relation of the parties such, that the law would not permit them to contract. The almost universal rule is, that where there is not a legal prohibition, parties may contract upon the principle that the law acts by restraint and not by conferring rights, and affirmed a judgment upon a due bill, given by one partner to another, relating to partnership matters, the partnership having continued after the execution of the due bill.

In the Crater case, *supra*, the court said: "The note was not a partnership note; it was not given by or to the firm. It was given by one member of the partnership to another, upon a good consideration, and an action upon it did not involve an examination of the partnership accounts;" and held that an action at law could be maintained on the note in question, although it was given for the business purposes of the partnership.

In the Ryder case, *supra*, which was an action at law to recover damages for a breach of a partnership agreement, and for profits which the defendant partner refused to pay over, the court held the action would not lie when it could not be properly tried without going into the partnership accounts, but said: "Whatever the nature of the agreement, it must be one in which the defendant binds himself personally to the plaintiff" before an action at law could be maintained upon it.

In the Van Ness case, *supra*, which was a suit by Forrest, the payee of a note, given by his partner to Forrest for merchandise sold to the defendant partner, by the firm of which they both were members, Marshall, C. J., delivering the opinion of the court, said: "The principle that a company can not sue its members does not apply to the case, nor does the principle that a partner can not sue a partner,

on a partnership transaction, apply to any case where a note in writing is given for money, not to a firm, but to an individual member."

In view of these authorities, we are of opinion that it did not follow that because the note in question was given partly for services of an employe of the firm in its business and partly for services of a partner of the defendant, that there was no jurisdiction in the Superior Court of the action upon the note, and that the learned trial judge should have submitted the issue as to whether there was a consideration for the note to the decision of the jury.

The judgment is reversed and the cause remanded.