JOHN C. GASKILL, Administrator, etc., Respondent, v. F. E. ADAMS, Administrator of Estate of J. C. Spence, Appellant.

**St. Louis Court of Appeals, February 27, 1900.**

1. **Partnership:** EQUITY: ACTION AT LAW: ACCOUNTING. In a legal view the partner is at no time a debtor of his firm or his copartner, until shown to be so on a settlement of the copartnership business.

2. ———: ———: ———: ———. As to the partnership business he may, by his conduct or promises, incur a contingent liability to his copartner, which a court of equity will enforce against him in an action for an accounting.

3. ———: ———. Treating the case at bar as one in equity for an accounting, it is held that the decree is void.

Appeal from Wright Circuit Court.—*Hon. Argus Cox,* Judge.

REVERSED AND REMANDED.

*Wm. O. Mead* and *T. T. Loy* for appellant.

(1) There is no testimony in the record to support the finding of the referee and trial court. (2) There is no testimony tending to prove that the intestate Spence appropriated any of the partnership property to his own use. (3) There is no competent testimony that there was any of partnership assets not in the bank at the time of the death of Spence, and if the assets had been short as claimed in the absence of

proof of appropriation by Spence, it would have been the loss of the partnership and not of Spence alone. (4) The report of the referee appears to be and is based alone upon exhibits shown by the abstract of the record, pages 29 to 40 which were never offered in evidence by plaintiff or defendant nor had they any knowledge of them until found forming a part of the referee's report, nor is there anything in the report. or the exhibits to show from what or how such exhibits were made up. Such testimony is certainly not competent. (5) The defendant in the circuit court made the point in his exceptions to the report of the referee and in his motion for a new trial and in arrest of judgment that the referee nor the circuit court had jurisdiction of the subject-matter, that the probate court alone had original jurisdiction of partnership estates upon the death of one of the partners and insists upon the point in this court, that his exceptions to the report of the referee and his motions for a new trial and in arrest of judgment should have been sustained. Revised Statutes 1889, section 3397; Ensworth v. Curd, 68 Mo. 282; Caldwell v. Hawkins, 73 Mo. 450. If there had been any questions of equitable rights between the partners, the probate court had power to adjudicate such rights. Ensworth v. Curd, 68 Mo. 282; In re Estate of Meeker, 45 Mo. App. 189.

*F. M. Mansfield* and *R. L. Goode* for respondent.

(1) It is certainly not reversible error that the bank books were introduced in evidence when the record fails to show that any objection was made or any exception saved on this point. (2) They were admissible even if objected to. Books of original entries shown to be kept by the party or his clerk in the usual course of business, are admissible even in the said party's favor. Anchor Milling Co. v. Walsh, 108 Mo. 177; Robinson v. Smith, 11 Mo. 205. Books of account of a deceased person, when offered by a claimant against his

estate, are evidence both as to the debit and credit items, such accounts being evidence in its entirety. Todd v. Terry, 25 Mo. App. 598. (3) It was likewise competent, these books being very voluminous, as the evidence shows, to permit Nichols as an expert to testify as to the result of his examination of them. 1 Greenleaf on Evidence [14 Ed.], sec. 93; Railroad v. Dana, 1 Gray 33; Holbrook v. Jackson, 7 Cush. (Mass.) 136. In view of the competency of the foregoing testimony of which the appellant complains groundlessly, it was certainly proper for the referee to make findings on it, which his report shows he did. Indeed he was bound to find from the books and other evidence because he was bound to try the case on the evidence. Moreover the exceptions to his rulings on admitting and excluding evidence are general and not specific, which is not allowable. Smith v. Haley, 41 Mo. App. 611. The thing most insisted on by appellant is that the circuit court was without jurisdiction. The authorities cited to sustain this contention are inapplicable. This is a proceeding by the surviving partner against the individual estate of Spence, and he had a right, just as an individual had, to present it by an action in the circuit court. That is a statutory right. R. S. 1889, sec. 190; Robinson v. Palmer, 24 Mo. App. 480. This is an action for fraud which is one of the universally recognized heads of equity jurisdiction and is not ousted because a remedy exists at law also. Dingle v. Pollick, 49 Mo. App. 479. The jurisdiction of the circuit court to hear cases of this class has never been taken away by statute and indeed could not be without express words to that effect. So, even conceding the probate court would have jurisdiction, this would not exclude the jurisdiction of the circuit court.

BIGGS, J.—The plaintiff J. C. Gaskill and J. C. Spence conducted a private bank of deposit under the firm name of

J. C. Spence & Co. The firm was dissolved by the death of Spence. The plaintiff as surviving partner administered on the partnership estate. The defendant F. E. Adams was appointed administrator of the individual estate of Spence. The plaintiff claims that Spence had the entire charge or management of the business of the bank, and that he misappropriated or failed to account for about $1,200 of the money of the bank, that is, that the actual assets of the bank at the time Spence died were less by about $1,200 than shown by the books. The present action is against the administrator of the individual estate, and the plaintiff sets forth in his petition the foregoing facts, and prays for an accounting, and that plaintiff have judgment against the estate of Spence for whatever amount the deceased was owing the partnership.

The answer is a general denial. The case was sent to a referee to take testimony. The result of the reference, as shown by the report of the referee, was that the assets of the bank as shown by the books, amounted to $16,489 at the time Spence died, and that the value of the actual assets as inventoried at the time amounted to $15,329, leaving a shortage of $1,160. The defendant filed numerous exceptions to the report of the referee, which the circuit court overruled, and thereupon a judgment was entered in favor of plaintiff as surviving partner against the defendant administrator for $1,053.55. The defendant has appealed.

There is some discussion or difference of opinion expressed in the respective briefs of counsel as to the character of the action, that is whether it must be treated as an action in equity for an acounting, or be dealt with as an action at law for debt. The former view must prevail. We are clear as to this. In a legal view the partner is at no time a debtor of his firm or of his co-partner, until shown to be so on a settlement of the co-partnership business. As to the partnership business he may, by his conduct or promises, incur a contin-

gent liability to his co-partner, which a court of equity will enforce against him in an action for an accounting.  Burleigh v. Harris, 8 N. H. 263; 2 Bates, Part., sec. 761; sec. 895, note; sec. 883; Smith v. Smith, 33 Mo. 557; Leabo v. Renshaw, 61 Mo. 292; Scott v. Caruth, 50 Mo. 120.

Treating the action as one in equity for an accounting the decree can not stand.  The investigation of the referee pertained only to the discrepancy between the assets of the bank at the time of the death of Spence and those shown by the books.  There was no attempt to ascertain and state the accounts between the partners, or to show the condition of the affairs of the bank, and that the amount alleged to be due from the estate of Spence was needed to pay the debts of the bank.  Unquestionably the estate of Spence would be properly chargeable in the accounting for losses accruing through the misappropriation or conversion of the assets of the bank by the deceased, but the mere finding that he had done so and to what amount, did not authorize the judgment of the court. It must be remembered that the accounting is between the members of the firm and for an equitable adjustment of their partnership accounts, therefore it can not be said that the estate of Spence is liable in the action for any amount, unless it was shown that the amount converted or some portion of it was necessary to equalize the accounts between Spence and Gaskill, or unless it was shown that the amount was needed to pay the debts of the bank.  As these matters were not shown at the trial, there is no justification for the judgment. It will therefore be reversed and the cause remanded.  All concur.