### WILLIAM H. DOWNS *vs.* JAMES N. SHORT.

*Assumpsit—Partuership—Action by Plaintiff against former Partner; When it Can be Maintained—Partnership must have Been Dissolved—Also adjustment of Partnership Accounts and Balance Struck.*

In order that a plaintiff may maintain his action at law with respect to a partnership account or balance, it must appear that the partnership has been dissolved, and that there has been an adjustment of the partnership accounts, and a balance struck, showing a sum due to him from the defendant.

*(April 8, 1907.)*

Judges Spruance and Boyce, sitting

*R. C. White* for plaintiff.

*C. W. Cullen* and *John M. Richardson* for defendant.

Action of Assumpsit.

Superior Court, Sussex County, April Term, 1907.

See facts in charge of Court.

Boyce, J., charging the jury:

Gentlemen of the jury:—The plaintiff brought his action of assumpsit against the defendant to recover the amount alleged to be due him as shown by his bill of particulars, which is as follows:

Plaintiff's Bill of Particulars.

| "Fall 1901 to 1 hog | $ 7.00 |
| Interest to April 5, 1903 | 2.52 |
| March 27, 1903 bal. on settlement, | 410.31 |
| Interest to April 5, 1907, | 98.48 |
| | ——— |
| Total, | $518.31 " |

If you find that the plaintiff sold and delivered the hog to the defendant, and that the latter has not paid for it, then the plaintiff will be entitled to a recovery therefor.

It is admitted that the parties to this action were engaged in the grist milling business, as partners, at Delmar, this County, during a part of the years 1901 and 1902. Therefore, in order that the plaintiff may maintain his action at law with respect to the second item in his bill of particulars, it must appear that the partnership has been dissolved, and that there has been an adjustment of the partnership accounts, and a balance struck, showing a sum due to him from the defendant.

These facts being shown to your satisfaction, the plaintiff

will be entitled to recovery for such balance, otherwise he cannot maintain his present action.

*Robinson vs. Green's Admr.,5 Harr.*, 115.

The parties sold their mill in August, 1902.

The plaintiff claims that on March 27, 1903, he and the defendant came together and effected a settlement of their partnership transactions, and that a balance in his favor was admitted between them; and he has produced in evidence a paper writing which reads as follows:

"March 27, 1903, Short due Downs, $410.31."

He further claims that the said paper writing was handed to him by the defendant on the occasion and after their said adjustment of their accounts, as evidence of the balance due to him from the defendant.

The defendant, however, denies that the alleged settlement was ever made, and he contends that he and the plaintiff did come together on the occasion mentioned to go over their individual accounts to ascertain what amount each "owed the mill"; and he produced in evidence a paper writing which reads as follows:

"Downs and Short's account.

Downs due mill $425.89."

He further claims that both of said writings—the one produced by the plaintiff and the other by himself—were separately written on a small sheet of paper before they were torn apart; and that he kept the one showing the amount which Downs owed the mill, and that Downs took the other, showing the amount which he (the defendant) owed the *mill* and not *Downs*; and that on the paper which Downs took the word "mill" was in the place where the word "Downs" now appears, and that this substitution was made by some person to him unknown and without his authority after the said writing was delivered to Downs.

You have heard the testimony of the parties, respectively, the only persons to testify in the case, and it is for you to find from the evidence whether they, the plaintiff and the defendant, did, on the 27th day of March A.D. 1903, come to a settlement

of their partnership transactions, and admitted a balance due by the defendant to the plaintiff, as alleged by the plaintiff, or whether on that occasion the parties simply ascertained the amount each was "due the mill" as alleged by the defendant.

If you find there was a settlement between them and an admitted balance due from the defendant to the plaintiff, the plaintiff will be entitled to recover the amount then admitted to be due, with interest from the time of such settlement.

If you believe the testimony of the plaintiff, he will be entitled to recover the amount of his claim as stated in his bill of particulars.

If you believe the testimony of the defendant, your verdict should be for the defendant.

Verdict for defendant.