DAVID C. WILLIAMS,

*vs.*

THOMAS T. ROGERS.

*Sussex, Jan.* 21, 1925.

If partners settle their accounts and admit a balance, an action at law will lie to recover such balance.

Where partners themselves have stated the account, equity will decline to entertain a bill by one partner against another for balance found by their own stated account to be due.

Equity is without jurisdiction of a bill by a partner for an accounting, where he and his co-partner at close of alleged partnership transactions met and adjusted partnership accounts, ascertained amount of loss, and co-partner promised to pay partner his one-half of loss and did pay a part thereof.

BILL BY PARTNER FOR ACCOUNTING.   The alleged partnership between the complainant and defendant is shown by the bill to have existed for two years, viz., the years 1914 and 1915.   The partnership is alleged to have been engaged in the business of buying and selling potatoes in the autumn of 1914 and of strawberries in the late spring and early summer of 1915.   The defendant denies that he was ever the partner of the complainant.   He avers that his only relation to the complainant in connection with said business was simply that of an employee.   Not only says the defendant, is he under no obligation to account to the complainant as a co-partner, owing him nothing on that score, but instead of being indebted to the complainant in any capacity the complainant is in fact indebted to him, the defendant, in the sum of $400 with interest which the defendant loaned to the complainant to assist him in his potato business.

The cause was heard on bill, answer and testimony of witnesses taken before an examiner.

*Charles W. Cullen*, for the complainant.

*James M. Tunnell*, for the defendant.

THE CHANCELLOR. According to the complainant's own testimony he and the defendant, at the close of the alleged partnership transactions, met and adjusted the partnership accounts; the fact and amount of the loss was ascertained; and the defendant promised to pay the complainant (who had put in all the cash which the business used) his one-half part of the loss. Not only so, but the complainant testifies that the defendant actually paid on account of the loss the sum of $400.

If partners settle their accounts and admit a balance, an action at law will lie to recover such balance. *Redden v. Ellis*, 4 *Harr.* 309; *Robinson v. Green's Adm'r.*, 5 *Harr.* 115; *Martin v. Solomon's Adm'x.*, 5 *Harr.* 344. If, therefore, the complainant's testimony is to be accepted at its full value, he has a remedy at law. Where partners themselves have stated the account, they have done that which generally it is the principal object of the ordinary partnership bill in equity to accomplish. Accordingly it is the rule that in such cases equity will decline to entertain a bill by one partner against another for the balance found by their own stated account to be due. *Finley v. Lynn*, 6 *Cranch*, 238, 3 *L. Ed.* 211; *McGehee v. Dougherty*, 10 *Ala.* 863; *Jackson v. Powell*, 110 *Mo. App.* 249, 84 *S. W.* 1132; *Taylor v. Shaw*, 2 *Sim. & S.* 12; *Endo v. Caleham*, *Younge & C. Ch.* 306. This principle puts the complainant out of court. His bill is really one to collect a balance which by his own statement the defendant, after settling the accounts and striking a balance, admitted to be due and promised to pay. If the complainant's statement be correct, there is no occasion for the Court of Chancery to intervene in his behalf.

The bill must be dismissed with costs on the complainant. The sole point of view on which my disposition of the case turns is the foregoing one. I decide nothing on the facts in favor of either party. Questions on the facts are left open to be litigated elsewhere in case either party raises them.

Let a decree be prepared accordingly.