HARRY J. MACK *v.* MEDFORD H. WHITE.

(*February* 14, 1933.)

RODNEY, J., sitting.

*John J. Morris, Jr.,* for plaintiff.

*James R. Morford* for defendant.

Superior Court for New Castle County, No. 149, January Term, 1933.

RODNEY, J., delivering the opinion of the Court:

Two questions are presented by the motion:

1. Is this Court of Law without jurisdiction in the matter because it appears that the note upon which the suit is based was given "in connection with and as a part of certain partnership transactions?"

2. If this Court has jurisdiction in the matter, is the claim of the defendant that there is due to him from the plaintiff an unascertained amount arising from the partnership a sufficient defense to the action?

The questions will be considered in this order, for upon the determination of the first question might depend the necessity of the consideration of the second.

■ The defendant relies upon the general rule that an action at law, as distinguished from an action in equity, is not maintainable between partners with respect to partnership transactions unless there has been an accounting or settlement of the partnership affairs. The existence of this general rule is so well established that it should require no citation of authorities. It is, however, appropriate that attention be drawn to the Delaware cases upon the subject. *Redden v. Ellis*, 4 *Harr.* 309; *Robinson v. Green's Adm'r*, 5 *Harr.* 115; *Martin v. Solomon's Adm'r*, 5 *Harr.* 344; *Downs v. Short*, 6 *Penn.* 264, 66 *A.* 365; *Williams v. Rogers*, 14 *Del. Ch.* 387, 127 *A.* 288. A consideration of the principles upon which the general rule is based will clearly show the necessity of exceptions to it and certain reasons for such exceptions.

Two reasons readily suggest themselves for requiring that a partner should proceed in equity rather than at law for the litigation of matters growing out of partnership affairs. One object is to arrive at an account concerning which the parties are unable to agree (*Sturges v. Swift*, 32 *Miss.* 239) ; another reason is that at law no one can sue himself and that all promises must be the plaintiff's and the promisor must be the defendant and if the account be unsettled or in dispute and both parties have an interest in it resort must be to equity where, if all parties be before the Court, their relative position is not so important (*Mitchell v. Wells*, 54 *Mich.* 127, 19 *N. W.* 777).

■■ There exist certain exceptions to the general rule as above set out which are as firmly entrenched in the law as the general rule itself. One of these exceptions is that when the partners agree to entirely withdraw and segregate certain items or particulars from the partnership account and settle it between themselves and liabilities are assumed by this settlement that then the enforcement of these liabilities may be at law regardless of the unsettled account between the parties. This is true where a promis-

sory note is given by one of several partners to another partner even though the consideration of the note had originally been a partnership transaction.

A brief citation of the authorities holding to this exception to the rule will be sufficient for there seems to be but little dissent from this principle.

*Lindley on Partnership* (*9th Ed.*), at *page* 667, states:

"Again, if one partner gave to his co-partner a bill or note which was in such a form as to bind, not the firm, but the partner who gave it, he might be sued by his co-partner thereon, whatever the state of the accounts between the two might be, and, although the bill or note in question had reference to some partnership transaction; for, by giving the bill or note, the demand in respect of which it was given was isolated from the general partnership account."

*Modern Law of Partnership, by Rowley, Volume 2,* § 752, *p.* 1044, states:

"If partners agree upon certain differences between them and one gives therefor a promissory note to his co-partner, he may be sued thereupon by his co-partner in an action at law, regardless of the condition of the accounts of the firm, as the giving of the note, upon the agreement, is of the same effect as any account stated, as far as it extends. As Chief Justice Marshall says: 'It is alleged that at law, one partner can sue another on a claim growing out of the partnership in no other case than for a general balance on a stated account. The terms in which this proposition has been laid down are, perhaps, too general. * * * The principle that a company cannot sue its members does not apply to the case; nor does the principle that a partner cannot sue a partner on a partnership transaction apply to any case where a note in writing is given for money, not to a firm, but to an individual member.' So it would appear, that an action at law is maintainable by one partner against another, upon a promissory note executed by the one to the other, involving particular items or transactions of the partnership business, upon the ground that the giving of the note is an isolation or separation of the particular matter from the general partnership account and that an accounting and final settlement of the partnership affairs is not necessarily involved in such action; that the execution of the note is such an acknowledgment of isolation or elimination of the particular transaction from the general partnership account as the maker will be estopped at law from questioning the holder's right of action thereon."

One of the most recent cases upon the subject is *Ristine v. Ruml* (1924), 197 *Iowa* 1193, 1198, 197 *N. W.* 27, where most of the cases are collected and considered. See, also,

*Lyon v. Malone,* 4 *Port..* (*Ala.*) 497; *Grigsby's Ex'rs.,.v. Nance,* 3 *Ala.* 347; *Berry v.· DeBruyn,* 77 *Ill.· App.* 359;· *Mitchell v. Wells,* 54 *Mich.* 127, 19 *N. W.* 777; *Bonnaffe v. Fenner,* 6 *Smedes & M.* (*Miss.*) 212, .45 *Am. Dec.* 278;· *Sturges .v. Swift,* 32 *Miss.* 239; *Crater· v. Bininger,* 45·· *N. Y.* 545; *Comer v. Thompson,* 4. *U. C.· Q. B.* (*O. S.*) 256; *Veriscope Co. v. Brady* (*City Ct. N.. Y.*), 77 *N. Y. S.* 159; see cases cited in 15 *Enc. of Pl. & Pr.* 1047; 47 *C. J.* 807-: 813; 20 *R. C. L.* 933; and in the excellent and exhaustive *note* in 21°*A. L. R.* 21, 65, and 58 *A. L. R.* 628.

 From a consideration of the foregoing authorities and of the reasoning upon which they are· based, I am of the opinion that the jurisdiction of this Court over· the· subject matter is without objection.

The instant case is, indeed, stronger than any that has been examined. Here the note was dated January 31, 1931, and payable on demand. Counsel for plaintiff plausibly argues· that this is strong evidence of the· intent of the parties that the items or particulars covered by the note were withdrawn and segregated from the ·partnership affairs·· at that time and rebuts any intent that payment must await a final accounting or settlement of the partnership affairs at a later and indefinite period.

 There then remains the question as. to whether a claim of an unascertained balance to ‘be found upon final settlement of the partnership can be made‘ available as a defense either as a set off or by way of recoupment.

If there be authority to sustain this defense, .I have not been furnished with the citation nor has an independent investigation disclosed it.

Rowley, in his *Modern Law of Partnership, Volume 2,* § 764, says:

"In an action at law between partners, where one partner is seeking to recover from the other on an individual obligation, a debt or liability owing by the plaintiff partner to the firm cannot be set off against his claim on the defendant partner individually. Nor can

unadjusted partnership accounts or matters be set off in a suit between partners on individual obligation."

See, also, 47 *C. J., page* 814, § 265; *Appleby v. Barrett,* 28 *Pa. Super. Ct.* 349; *Wharton v. Douglass,* 76 *Pa.* 273, 274; *Leabo v. Renshaw,* 61 *Mo.* 292; *George, Trustee, v. Pfeil,* 158 *Ill. App.* 261; *Russell v. Miller,* 54 *Pa.* 154.

Motion for judgment notwithstanding the affidavit of defense is granted.