**Ronald J. STRICKLER, Sr., Plaintiff,**

v.

**SUSSEX LIFE CARE ASSOCIATES, a Delaware General Partnership, J.N. Sonecha, Richard W. Lacey, Manuel E. Banez, M.D. and Albert Gelb, M.D., Defendants.**

Superior Court of Delaware,
Sussex County.

Submitted: Jan. 5, 1987.
Decided: Jan. 22, 1987.
Revised for Submission: May 9, 1988.

Craig A. Karsnitz, Georgetown, for plaintiff.

Edward R. McNamara, Dover, Richard P. Beck, Wilmington, for defendants.

LEE, Judge.

The plaintiff, Ronald J. Strickler, Sr. ("Strickler") has filed an action based on breach of contract in this Court. The defendants, Sussex Life Care Associates, a Delaware general partnership, and the remaining partners individually ("Sussex") have filed suit based on the same transaction in the Court of Chancery. At issue is whether the controversy is essentially legal or equitable. The defendants pray that this action be dismissed or stayed pending determination of the companion suit in the

Court of Chancery. The issue is presented by way of defendant's motion to dismiss.

■ Jurisdiction in the Superior Court is determined upon the pleadings and does not depend upon the existence of a sustainable cause of action or the evidence subsequently adduced. *Stidham v. Brooks*, Del. Super., 5 A.2d 522, 524 (1939). Likewise, jurisdiction in the Court of Chancery is determined upon the complaint viewed in the light of the remedy the plaintiff truly seeks. A court of equity should, when required, go beyond a facade of prayers in order to determine whether the relief sought is actually equitable or legal. *Hugues Tool Company v. Fawcett Publications, Inc.*, Del. Ch., 297 A.2d 428, 431 (1972). When determining jurisdiction, the Court must view the material factual allegations as true. *Diebold Computer Leasing, Inc. v. Commercial Credit Corporation*, Del.Supr., 267 A.2d 586 (1970).

In the present case, Strickler executed a Redemption and Resignation Agreement with Sussex on July 22, 1985. This agreement provided, inter alia, that Strickler transfer his interest in the Sussex partnership to Sussex and resign as officer and agent in exchange for the sum of one hundred and sixty thousand dollars ($160,000). Apparently to secure the balance of payment, a promissory note for one hundred and twenty thousand dollars ($120,000) was signed by Sussex at the same time requiring payment in two equal installments by September 23, 1983. The first installment was made in a timely manner but no payment was made on the second installment, and the defendants informed the plaintiff that no payment would be made. Based on these allegations, Strickler has filed suit in this Court demanding the remaining sixty thousand dollars ($60,000) owed on the promissory note plus 15% interest and attorney's fees as required by the contract.

In their answer, Sussex admitted to the allegations, but raised an affirmative defense, alleging fraud in the inducement. They state that the "[p]laintiff, with the intent to defraud and deceive Defendants, made various misrepresentations to Defendants which formed critical parts of the

basis on which the value of the partnership property was valued and as such formed the basis on which all buyout negotiations were predicated."

In addition, Sussex filed suit in Chancery, alleging Strickler's fraud and praying for certain equitable relief, and has moved that this Court dismiss or stay Strickler's legal suit pending a resolution of the suit in Chancery.

■ In support of its motion, Sussex argues that generally suits at law are not entertained between partners unless there has been an accounting or settlement of partnership affairs. It pleads a breach of the fiduciary relationship arising out of the partnership dealings. Under 6 *Del.C.*, § 1521, a general partner owes his partners the utmost good faith, fairness and loyalty in his partnership dealings. Historically, a breach of this duty has served as a basis for equitable jurisdiction, even where there may have been an adequate remedy at law. *Boxer v. Husky Oil Co.*, Del. Ch., 429 A.2d 995, 998 (1981). Since normally partners cannot sue each other at law unless there has been an equitable accounting, it is argued that this Court has no jurisdiction over the case at bar. *Mack v. White*, Del. Super., 165 A. 150 (1933).

Strickler counters that the parties are no longer partners, have not been for over a year, that the remedy at law is adequate and, therefore, equity does not have jurisdiction.

Noting an exception to the general rule, he argues that the portion of the partnership which represented his interest was segregated from the partnership accounts and when certain items of partnership accounts are segregated or withdrawn from the partnership by agreement, liabilities arising from such settlements may be resolved at law without the necessity of an accounting. *Mack*, 165 A. at 151. The plaintiff concludes, therefore, that the Superior Court has jurisdiction.

While acknowledging that the interest in dispute was segregated from the rest of the partnership accounts, the defendants allege that there was fraud in the induce-

ment, and thus breach of the fiduciary duty, in the very contract sued upon by the plaintiff. Because the parties were partners at the time of the execution of the contract, and the alleged fraud involved valuation of the partnership assets, it is argued that an equitable accounting is necessary.

■ Since both the Superior Court and the Court of Chancery have concurrent jurisdiction in the area of fraud, examination of the transaction is necessary to determine whether this Court should stay or dismiss an action in favor of a pending action between the same parties in Chancery. *Flaherty v. Industrial Trust Co.*, Del.Ch., 178 A. 586 (1935); *John Julian Construction Co. v. Monarch Builders, Inc.*, Del.Super., 306 A.2d 29 (1973). See Supreme Court Rule 14(g). The controlling concern appears to be the nature of the remedy needed to make the plaintiff whole. *Cochran v. F.H. Smith Co.*, Del.Ch., 174 A. 119 (1934).

In *Flaherty*, the plaintiff had filed suit in Superior Court on a promissory note and the defendant petitioned the Chancery Court to grant an injunction preventing any further proceedings in Superior Court, alleging that the note had been secured by the defendant, in part, through fraud and duress. The Chancellor denied the petition based on comity between the Courts, recognizing that the issues involved were cognizable in both courts, and there was no request for a remedy which the Superior Court could not provide.

However, in *Maull v. Stokes*, Del.Ch., 68 A.2d 200 (1949), the Chancellor did grant jurisdiction in a case which also has facts similar to the case at bar. Maull, a contractor, had filed suit in Superior Court seeking a mechanic's lien on Stokes' property for the balance alleged to be owing. Maull brought suit in the Court of Chancery seeking an accounting of Stokes' use of the construction funds, and an injunction of the mechanic's lien suit in Superior Court, alleging that an accounting would disclose that Maull actually owed Stokes money. Under the statute, all funds for use for construction, in the hands of a construction contractor, were deemed to be trust funds. The Chancellor found this created a fiduciary relationship between the parties and that Chancery had concurrent jurisdiction in such cases, even if it did not create a trust, as the equitable term is traditionally known. Although equity does not have exclusive jurisdiction to compel an accounting in all fiduciary relationships, such as those between agent and principal, it does have concurrent jurisdiction and may take jurisdiction, especially where the matters to be accounted are peculiarly within the knowledge of the agent. "When there is a concurrent remedy at law and an action has been brought there, the adequacy of that remedy is, therefore, controlling in determining whether equity will enjoin it and take over the controversy. ... [T]hat step will only be taken when necessary to do complete justice between the parties.... If the concealed fraud charged in the bill and supported by the affidavit exists, the machinery of this court is better adapted to discover it than a court of law."

■ This rule is also applied in Superior Court. Although a prayer for relief couched in equitable terms will not necessarily gain a plaintiff access to a court of equity, a court of law may forego its concurrent jurisdiction where circumstances render investigation in Chancery more convenient and effectual. *Industrial Trust Co. v. Miller*, Del.Super., 170 A. 923 (1933). In *John Julian*, 306 A.2d at 35, the Court stated:

> For a court to have exclusive jurisdiction, something more than merely the assertion of an equitable right to purely monetary relief such as cancellation, is required. The exercise by this Court of its inherent equitable powers is discretionary, however, depending upon such consideration as the simplicity of the issue to be tried, the number of witnesses who can testify on the issue, the ability of the Court to shape an adequate and complete remedy, and the convenience of trying the cause in a court of law. *See also, McBane v. Central–Penn National Bank of Philadelphia*, Del.Super., 125 A.2d 167.

In view of the affirmative defenses, a paramount issue to be confronted at trial is the value of the partnership interest. Although this Court could determine the value of this interest and award damages, a proper evaluation would most likely involve an extensive search into the innermost workings of the partnership, a search best left to a court of equity. Additionally, it is likely that a remedy to be considered will involve an accounting and possible rescission. Even if such a result is deemed impracticable and the trial court must resort to damages as a remedy, the most appropriate jurisdiction is still the Court of Chancery. *Lynch v. Vickers Energy Corporation,* Del.Supr., 429 A.2d 497, 501 (1981); *over'd on other grounds, Weinberger v. UOP, Inc., et al.,* Del.Supr., 457 A.2d 701 (1983), *Harman v. Masoneilan International, Inc.,* Del. Ch. 418 A.2d 1004 (1980).

The defendant's motion to stay the proceeding in this Court is hereby granted pending determination of the companion action in the Court of Chancery.