Benjamin F. Smith, Respondent, v. The Wabash, St Louis & Pacific Railway Company, Appellant.

Kansas City Court of Appeals, October 26, 1885.

1.   Railroad Companies—Suit Against for Killing Stock—Amendment to Section 806, Revised Statutes.—Section 806 of the Revised Statutes was amended in 1881 (Laws of Mo. 1881, 79), so that in an action against a railroad company for the killing of stock, the plaintiff is relieved from the necessity of showing that the injury resulted " by reason of the neglect of the company," and he is only required to show, in the first instance, that his animal was killed by the railroad company's cars, at the crossing of a public highway, and that the defendant neglected to ring the bell or sound the whistle as required by the statute.   But the railroad company may show " that the failure to ring such bell or sound such whistle was not the cause of such injury."

2.   Practice—Instructions—Must not Omit Intent in Impeaching Credibility.—An instruction to the following effect is erroneous :

"The jury are the sole judges of the credibility of witnesses; and if they believe that any witness has sworn falsely to any material fact in the case, they are at liberty to disregard all of such witness' evidence." It omits the word " wilfully," or " knowingly," so that the jury would have been required to find that the witness had *wilfully* sworn falsely to any material fact in issue.    *State v. Elkins*, 63 Mo. 166.    It is the *guilty* knowledge of misstating a fact, the wicked disposition, that impales his integrity, and exposes his entire testimony to discredit.    "Such an instruction should not always be given *under all circumstances*; it is calculated to intimate that in the opinion of the court trying the case, some of the witnesses testified falsely." *White v. Maxey*, 64 Mo. 559.

APPEAL from Livingston Circuit Court, HON. JAMES M. DAVIS, Judge.

*Reversed and remanded.*

The facts are sufficiently stated in the opinion of the court.

GEORGE S. GROVER, for the appellant.

I.    Upon all the evidence the jury should have been instructed to find for the defendant.    The fact of ringing the bell within eighty rods of the crossing, was testified to by defendant's witnesses, and was not shaken by the negative testimony of plaintiff's witnesses.    In such a case no conflict of evidence is presented and the fact that the bell was rung as required by law, is to be regarded as established.    *Henze v. St. L., K. C. & N. Ry. Co.*, 71 Mo. 639.    And as the law does not require *both* signals to be given, and as the proof of giving either signal shows a sufficient compliance with the statute, and as the fact of the ringing of the bell was established, the plaintiff was not entitled to recover upon that allegation of the petition.    *VanNote v. H. & St. Jo. R. R.*, 70 Mo. 641 ; *Turner v. Same*, 78 Mo. 580. Nor was plaintiff entitled to recover upon the proof as to the rate of speed.    As a matter of law, such rate of speed was not negligent.    *Maher v. A. & P. R. R.*, 64 Mo. 267 ; *Young v. H. & St. Jo. R. R.*, 79 Mo. 340.    Even if the proof had been, as *it was not*, that the signals were

not given, and, also, that the speed of the train was excessive, yet such facts did not entitle plaintiff to recover, without some evidence that such negligence caused the injury. As this was not attempted, the jury should have been instructed to find for the defendant. *Holman v. R. R.*, 62 Mo. 563 ; *Wallace v. R. R.*, 74 Mo. 596 ; *Turner v. R. R.*, 78 Mo. 580.

II. The second instruction was erroneous and prejudicial to defendant. It is only when a witness has *wilfully* testified to an untruth that his motive may be impugned and his testimony discredited. *Fath v. Hake*, St. L. Ct. App., not reported ; *State v. Elkins*, 63 Mo. 166 ; *Evans v. George*, 80 Ill. 53 ; Wharton on Evid. (2 Ed.) sect. 412. It was, also, prejudicial as it was evidently aimed at the witnesses for defendant for the purpose of inducing the jury to discredit them, and thus enable plaintiff to make out a case. This, of itself, should be sufficent to reverse the judgment.

L. A. Chapman and I. H. Kemp, for the respondent.

I. The court did not err in refusing instruction in the nature of demurrer to the evidence. The testimony was sufficient to maintain the cause of action. *McFarland v. Bellows*, 49 Mo. 311 ; *Devore v. Plant*, 42 Mo. 45.

II. If the plaintiff makes out a case upon which he can go to the jury, the court has no right after the defence is in, to assume it to be true and require the jury to find for defendant. The instruction of defendant asked this, and was properly refused. *Wood's Assignee, etc., v. Atlantic Ins. Co.*, 50 Mo. 116.

III. The court did not err in giving instruction one for plaintiff. His cause of action was based on section 806, as amended by Session Acts of 1881, p. 79, and the instruction was couched in the language of the section. Plaintiff is not obliged to show that the injury occurred by reason of the failure to ring the bell or sound the whistle. The law *makes it negligence* to omit the signals. Plaintiff's evidence tended to show

that neither was done, and the weight of evidence was for the jury to determine. The second instruction was not prejudicial to defendant. The jury are the sole judges of the credibility of the witness, and they have a right to believe, or not to believe all, or any part of the testimony of witnesses. *Kelly v. U. S. Ex. Co.*, 45 Mo. 429; *Bonnetl v. U. S. Ex. Co.*, 45 Mo. 423. There was nothing more in the instruction than merely to tell them that they were the sole judges of the credibility of the witnesses and the weight to be given to their testimony.

PHILIPS, P. J.—This is an action to recover damages for the killing of two heifers, the property of the plaintiff. The material allegations of the petition are, that the cattle were killed by defendant's locomotive, at a point where its railroad track crosses a public highway, and that defendant's liability springs from the failure and neglect of its servants to ring the bell or sound the whistle eighty rods next before reaching said crossing.

Plaintiff recovered judgment, from which the defendant prosecutes this appeal.

I. The first question raised by appellant on the appeal is, that the evidence was not sufficient to warrant the verdict. A careful examination of the evidence satisfies us that it would have been error in the trial court to have taken the case from the jury. There is no question made but that the cattle were killed by defendant's locomotive at such public crossing. The only controversy is as to whether or not defendant rang the bell or sounded the whistle as required by statute.

Plaintiff's evidence, by four witnesses, was that they did not hear any bell rung. They were all in such proximity as to have enabled them to hear the bell had it been ringing. One of these witnesses states positively that no bell was rung, and that he could have heard it had it been rung. They were looking at the train, and there was nothing to obstruct their sense of hearing. Such evidence does not come within the category of mere negative testimony.

As to the sounding of the whistle, three witnesses for plaintiff out of four stated. that the whistle was not sounded inside of half a mile until the cars had about reached the crossing. Whether or not these witnesses were mistaken in their estimation of the distance at which the whistle was first sounded, was peculiarly a question of fact for the jury and not for the court. And although defendant's engineer and fireman stated directly that they did give the required signals, the jury were still the sole judges of the weight of evidence and the credibility of the witnesses, there being evidence of an affirmative character on either side.

II.   It is, however, insisted by appellant that, conceding the plaintiff's proof tended to show that the required signals were not given, this did not make out a *prima facie* case without more ; but the burden rested on plaintiff to show by some other circumstance or fact that the injury resulted from the neglect to give such signals. We are not called upon, in this case, either to affirm or deny the correctness of the ruling made in *Braxton v. Han. & St. Jo. R. R. Co.* (77 Mo. 455), to the effect, that in order to fix a liability on the defendant, something more must appear in the evidence than the simple neglect to ring the bell or sound the whistle, as required by the statute. That decision was based on section 806, as it appears in the revision of 1879 of the Revised Statutes. But that section was amended in 1881. Sect. 1, p. 79, Laws Mo. 1881. By this amendment the plaintiff is relieved from the necessity of showing that the injury resulted "by reason of such neglect ;" and he is only required to show, in the first instance, that his animal was killed by the railroad company's cars, at the crossing of a public highway, and that defendant neglected to ring the bell or sound the whistle, as required by the statute. The amendment then reserves to the railroad company the right to show "that the failure to ring such bell or sound such whistle was not the cause of such injury."

III.   We do not deem it necessary to notice the objections made to the instructions given by the court other than as to the second, which is as follows :

"The jury are the sole judges of the credibility of the witnesses, and if they believe that any witness has sworn falsely to any material fact in the case, they are at liberty to disregard all of such witness' evidence."

The vice of this instruction consists in not employing the word "wilfully," or "knowingly," so that the jury would have been required to find that the witness had wilfully sworn falsely to any material fact at issue. *Poulette v. Brown*, 40 Mo. 52 ; *Iron Mt. Bk., etc., v. Murdock et al.*, 62 Mo. 74; *State v. Elkins*, 63 Mo. 166.

Under the instruction, as given, a jury might reject the whole testimony of a witness bearing upon a variety of material issues when he was honestly mistaken in his statement as to one fact.   His evidence might be technically false in one particular, and yet the witness be honest in the statement, and truthful as to every other material matter.   It is the guilty knowledge of misstating a fact, the wicked disposition, that impales his integrity, and exposes his entire testimony to discredit.

We are unable to discover the occasion or propriety of giving any declaration of law in this case applying the rule in question.   The only witnesses introduced by the defendant were the engineer and fireman.   The only material fact in dispute, to which they testified, was as to giving the required signals on approaching the crossing.   Where then was the fitness or provocation of the assault upon integrity made by this instruction ? What other material fact was the reflection to apply to ? As to the single material fact in issue between plaintiff's and defendant's witnesses, the jury would have to pass on it, and the duty of the court would have been fully performed in advising the jury that in this conflict of evidence they were the sole judges of the credibility of the witnesses and the weight of the evidence.   While,

perhaps, it might, with exactness, be said that this instruction, under the circumstances, was a mere abstraction, and might have been perfectly harmless, yet it is as equally probable that the impression may have been conveyed by it to the minds of the jurors that the court entertained the thought that there was ground to suspect false swearing on the part of defendant's witnesses. This is not an unreasonable deduction, when the legal presumption is, that the court only gives declarations of law based on the evidence.    Judge Napton, in *White v. Maxey* (64 Mo. 559), very justly condemns the action of trial courts in giving such instruction when the state of the testimony does not warrant it.    After admitting that the instruction, as to form, was proper enough, he adds, "but this court has never held that such an instruction should always be given under all circumstances.    Such an instruction is always calculated to intimate that, in the opinion of the court trying the case, some of the witnesses had testified falsely."

As the successful party had the benefit, if any, of the false statement of law contained in the instruction, he should suffer the consequences of any improper deduction it is reasonable to infer the jury may have made therefrom.

For this error the judgment of the circuit court is reversed, and the cause remanded.    All concur.