CLEARY, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

St. Louis Court of Appeals, November 29, 1904.

1. **NEGLIGENCE: Live Wire Down: Prima Facie Case.** In an action against a street railway company for damages to plaintiff on account of the killing of plaintiff's horse by contact with defendant's loose trolley wire, plaintiff made out a prima facie case, by showing that the wire, charged with the electrical current sufficient to destroy life, was down upon a public thoroughfare; the burden was then shifted to the defendant to establish that its wire was down by no fault of its own.

2. ————: ————: **Strikes.** And the defendant could not justify by showing that a general strike was on which suspended the operations of its cars; such fact lent force to the charge of negligence in permitting the wire to be charged when the cars were not running, and the motive power was not required.

3. ————: ————: **Contributory Negligence.** Whether the plaintiff was guilty of contributory negligence in failing to see the wire in time to avoid contact with it, was a question for the jury.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher,* Judge.

AFFIRMED.

*Sears Lehmann* and *Geo. W. Easley* for appellant; *Boyle, Priest & Lehmann* of counsel.

(1) The peremptory instructions in the nature of demurrers offered at the close of plaintiff's case,

and at the close of all the evidence should have been given. For no negligence was proved against defendant. That negligence must be proved and cannot be presumed is axiomatic. Breen v. Cooperage, 50 Mo. App. 202; Perse v. Railroad, 51 Mo. App. 171; Rutledge v. Railroad, 123 Mo. 121, 24 S. W. 1053, 27 S. W. 327. (2) Because the undisputed evidence of plaintiff himself shows that plaintiff was guilty of negligence which directly contributed to cause the damage to his horse and wagon. Construction Company v. Transit Company, 80 S. W. 741; Kreis v. Railroad, 148 Mo. 321, 49 S. W. 877.

J. F. & R. H. Merryman for respondent.

(1) A prima facie case is made when it is shown that one of defendant's wires, charged with sufficient electricity to produce death, was down upon a public street, and an injury results by coming into contact with a person or his property, who at the time is lawfully using said street. Gannon v. Gas Co., 145 Mo. 502, 46 S. W. 968, 47 S. W. 907. (2) In an action for damages for personal injuries, a nonsuit, on the ground that the plaintiff's contributory negligence appears from his own evidence, is proper only when such negligence affirmatively appears and is shown beyond a reasonable doubt. McCormick v. City of Monroe, 64 Mo. App. 197. (3) A prima facie case is made when it is shown that a wire charged with sufficient electricity to produce death is down upon a public street, and one in the lawful use of it is injured. The burden is then upon the defendant to show that the wires were down through no fault of its servants. Haynes v. Raleigh Gas Co., 41 Am. Stat. 502, 114 N. Car. 204.

REYBURN, J.—This action originated before a justice in whose court judgment was recovered against appellant and its codefendant the city of St. Louis;

but on appeal and trial anew in the circuit court a verdict was returned by the jury against appellant, the city being discharged by a nonsuit.

The basis of plaintiff's cause of action was alleged in his complaint to be that on or about the eighteenth day of May, 1900, defendant negligently allowed its trolley wire, charged with electricity, to hang down so that it came into contact with plaintiff's horse on an open public street of the city of St. Louis, killing the animal. The facts developed at the trial were that about eight o'clock in the morning of the eighteenth of May, 1900, the plaintiff drove into Eighth street from Cass avenue, tending southward on the defendant's track, when he heard some one exclaim, "wire down," and he pulled to the right hand side of the street where he was compelled to pass a small wagon, and after going further he perceived a large wagon or dray drawing near; he was on the right-hand side of the street and was watching the vehicle to see if it was going to pull out of the way, and when he saw that it was not going to move he was forced to pull to the left to avoid being struck by it and just as he did the wire struck his horse, causing the damages. That the wire was of the thickness of a lead pencil, dirty and dark, and he did not perceive it, until he was upon it, and looking ahead he had not seen the wire although it was a light day. As stated by appellant, the occurrence was pending the existence of a general street car strike affecting defendant's whole system, which was then in great state of disorder, trolley wires being down all over the city by reason of such strike and at this particular point the defendant had been unable to operate its cars for several weeks. That conflict in the testimony was confined to the length of time this wire had been down. One witness deposed the wire had been down a couple of days, and that he had given notice twice by telephone to the Cass avenue stable of de-

fendant; other witnesses said it had been down only since morning.

The court below properly refused the usual imperative instruction at close of the testimony tendered on plaintiff's behalf, as a prima facie case was perfected by showing that one of defendant's wires charged with the electrical current sufficient to destroy life was down upon a public thoroughfare and highway of the city of St. Louis, and the burden was then shifted to the defendant to establish that its wire was down by no fault of its own. Gannon v. Gas Light Co., 145 Mo. 502, 46 S. W. 968, 47 S. W. 907.

The prevalence of the general strike suspending operation of its cars and the lawlessness attending such situations so far from excusing or justifying the perilous condition of the wire rather aggravated it and lent force to the charge of negligence in permitting the electric power to be conducted through the wire at a period when from the suspension of the system and the continued cessation of its cars, such motive power had not been for a long period and was not then required to propel them. The case above invoked in support of the principle announced, as counsel for appellant justly says, has been the subject of comment and criticism in succeeding utterances of the same tribunal, but its controlling force has not been impaired nor qualified by any subsequent decision or otherwise, than in the dissenting opinions accompanying, upon the proposition here presented and it remains decisive of such proposition at the present time.

Nor can we accede to the contention that plaintiff's testimony exhibited such want of care on his part as to bar any recovery. Whether under the emergency confronting him, plaintiff exercised ordinary care in view of the conditions attending his situation was a question properly referred to the jury. The charge to the jury was made up of an elaborate series of instruc-

tions embracing all six asked by defendant, and no infirmity has been revealed in them justifying reversal. Judgment affirmed. All concur.