# J. B. JACKSON, Respondent, v. SAMUEL H. POWELL, Appellant.

**Kansas City Court of Appeals, February 6, 1905.**

1. **PLEADING: Petition: Reply.** A plaintiff must recover on the allegations of his petition and not· on ˙the cause of action pleaded for the first time in his reply.

2. **PARTNERSHIP: Pleading: Settlement: Aider by Answer.** A petition seeking to recover at law certain items growing out of a partnership account should aver there had been a partnership settlement, but where the answer pleads· such settlement and alleges the items sued on were included therein, it cures the defect of the petition.

3. ———: ———: ———: **Equity.** Where partners have settled and items have been omitted the remedy therefor is at law and there is nothing to give equity jurisdiction.

4. **WITNESSES: Falsus in Uno: Instruction: Willful.** It is the willful or intentional false statement of a material fact that impeaches the credibility of a witness; and an instruction to the jury on that subject should so state.

Appeal from Callaway Circuit Court.—*Hon. John A. Hockaday*, Judge.

REVERSED AND REMANDED.

*D. P. Bailey* and *I. W. Boulware* for appellant.

· (1) The instruction is not only grossly erroneous, but is a false statement of the law. Smith v. Railroad, 19 Mo. App. 126. (2) The vice of the instruction consists in not employing the word ''willfully'' or ''knowingly'' so that the jury would have been required to find that the witness had willfully sworn falsely. Smith v. Railroad, 19 Mo. App. 126; Blitt v. Heinrich, 33 Mo. App. 243; Evans v. Railroad, 16 Mo. App. 522, and authorities cited; Falk v. Hake, 16 Mo. App. 537; Bank v. Murdock, 62 Mo. 74; Wharton on Evidence (2 Ed.),

sec. 412; 24 Iowa 441; 80 Ill 53; 76 Ala. 93; 59 Ga. 65; State v. Elkins, 63 Mo. 166; White v. Moxey, 64 Mo. 599. (3) "The rule is that until the accounts of a partnership are settled and a balance struck one partner cannot maintain an action at law against his copartner upon a claim growing out of the partnership." Johnson v. Ewald, 82 Mo. App. 284; Scott, Admr., v. Caruth, 50 Mo. 120; Stothest v. Knox, 5 Mo. 112; Springer v. Cahill, 10 Mo. 640; McKnight v. McCutchan, 27 Mo. 436; Pope v. Salsmon, 35 Mo. 362; Buckner v. Ries, 34 Mo. 357.

*N. D. Thurmond* for respondent.

(1) Under the pleadings in this case all the partnership matters between the parties had been settled except the two items, the wagon and the hearse, and appellant alleges in his answer that these items had been settled in the arbitration. Defendant did not raise the question of jurisdiction in his answer and the court properly overruled defendant's objection to the introduction of any evidence on the part of the plaintiff. (2) Between partners an action at law will lie upon matters outside the partnership, or when the dispute is so disconnected with the general partnership accounts as not to involve their investigation and settlement. One partner may sue another at law where the transaction relates to one unadjusted matter growing out of partnership transactions. Whitehill v. Shickle, 43 Mo. 537; Seaman v. Johnson, 46 Mo. 111; Russell v. Grimes, 46 Mo. 410; Buckner v. Ries, 34 Mo. 357; Feurt v. Brown, 23 Mo. App. 332; Bembrick v. Simms, 132 Mo. 48; Byrd v. Fox, 8 Mo. 574; Whitstone v. Shaw, 70 Mo. 575. (3) The finding of the arbitrators was conclusive only as to the matters submitted to them. Nelson v. Barnett, 123 Mo. 564; State ex rel. v. Branch, 134 Mo. 592; Richardson v. Adams, 4 Mo. 311. (4) Although the words "willfully' and "know-

ingly" were omitted the instruction was harmless as there could be no doubt in the minds of the jury that such false swearing was willfully and knowingly done.

JOHNSON, J.—In this action plaintiff sought to recover at law on account of a number of items growing out of a partnership which previously existed between him and defendant. A livery stable had been the busness venture of the firm. The petition alleged the sale by plaintiff to defendant of his interest in the partnership property, but stated that the sale "only included the property, horses, buggies, wagons and other things used in the livery business, but did not include the accounts defendant was owing to the firm." A number of items of such indebtedness was charged, including one relating to a hearse and one to a spring wagon; upon the former of which a partial payment, and upon the latter full payment had been made out of partnership funds. Defendant was alleged to be indebted to plaintiff upon these and the other items mentioned. No allegation of any kind of a partnership settlement was made. Defendant's answer, however, pleaded a dissolution of the partnership; the submission by the partners to arbitration of all matters in dispute between them, including all of the items sued upon; and the award of the arbitrators, after a hearing, that no indebtedness existed between the parties. In other words, that all of the partnership affairs had been settled by voluntary arbitration.

The reply admitted the settlement by arbitration and that all of the items of indebtedness mentioned in the petition were included therein except the two relating to the hearse and spring wagon which, it was alleged, were not submitted to the arbitrators and consequently not considered by them in making their award. Judgment was prayed for in the reply upon these two items.

At the trial defendant unsuccessfully objected to

the introduction of any evidence on the ground that the court was without jurisdiction of the subject-matter. The fact of an arbitration was admitted but no written evidence of the matters submitted was introduced. They were the subject of parol testimony and the contest revolved around the fact of the submission of the hearse and spring wagon items. The evidence on this point was as conflicting as the claims of the respective parties.

Verdict and judgment were for the plaintiff on both items.

The trial court properly overruled the objection to the introduction of any evidence. The petition did not state a cause of action because of the omission to allege a partnership settlement. We agree with appellant that a plaintiff must recover upon the allegations of his petition, not upon a cause of action pleaded for the first time in his reply. But the appellant was in no position to raise this point by objection at the trial. He chose in his answer to supply the defects of the petition—to put in issue himself the fact of a settlement. The allegations of his answer were an "express aider" to those of the petition. The rule applying is well stated in the case of Slack v. Lyon, 9 Pick. 62, as follows:

"If the parties go to trial upon a full knowledge of the charge and the record contains enough to show the court that all of the material facts were in issue the defendant shall not tread back and trip up the heels of the plaintiff on a defect which he would seem thus purposely to have omitted to notice in the outset of the controversy." [Garth v. Caldwell, 72 Mo. 630; Henry v. Sneed, 99 Mo. 424; Allen v. Chouteau, 102 Mo. 318; Mendenhall v. Leivy, 45 Mo. App. 26; Bliss on Code Pleading (3 Ed.), sec. 437.

When the pleadings were in, all of the material facts necessary to maintain an action at law were admitted by both parties. The position taken by appellant

is untenable. Actions at law in cases of this character will not lie when the affairs between the partners are unadjusted; but when these have been settled and a balance struck, and either intentionally or by mistake one or two items of indebtedness have been omitted, a suit at law is the only remedy—there is nothing to adjust, nothing to give jurisdiction to equity. Such jurisdiction obtains when the adjustment of the matter in controversy involves the investigation and settlement of the partnership accounts. [Russell v. Grimes, 46 Mo. 412; Buckner v. Ries, 34 Mo. 357; Scott v. Caruth, 50 Mo. 120; Murphy v. De France, 23 Mo. App. 337; Bambrick v. Simms, 132 Mo. 51.]

Plaintiff's second instruction was erroneous. It told the jury, "you are the sole judges of the evidence and the weight of the evidence and the credibility of the witnesses and if you believe any witness has sworn falsely as to any material fact in the case you may disregard the whole of such witness's testimony."

It is the *willful* or *intentional* false statement of a material fact that impeaches the credibility of the witness. In view of the sharp conflict in the testimony, we do not in this case condemn the giving of an instruction based upon the maxim, *falsus in uno, falsus in omnibus;* but under such instruction the jury should not be told in effect to brand as a false witness one who, mistaken about a single material fact, may have been innocent of an intentional untruth. [Smith v. Railroad, 19 Mo. App. 125; Blitt v. Heinrich, 33 Mo. App. 245; State v. Elkins, 63 Mo. 166.]

We find no other error. The judgment is reversed and the cause remanded. All concur.