## M. R. PLATT, Jr., Respondent, v. THE PARKER-WASHINGTON COMPANY et al., Appellants.

### Kansas City Court of Appeals, February 19, 1912.

1. **TAXBILLS: Quiet Title: Equity: Pleading.** Plaintiff commenced his action under Sec. 650, R. S. 1899, to clear title to certain land owned by him from the lien of taxbills for street improvements, alleging only such facts and praying only such relief as is essential under that statute. The answer asserted the validity of the taxbills and prayed foreclosure of the lien. The reply alleged that the taxbills were void because of the payment of certain rebates. *Held*, that as the petition alleged title in plaintiff, that defendant claims some adverse title and prays the court to ascertain and determine title, it stated a good cause of action.

2. **PLEADING: Reply.** A reply is purely a defensive pleading, and its sole office is to interpose a defense to new matter pleaded in the answer.

3. **TAXBILLS: Secret Rebates.** Secret rebates granted to some of the owners, whose property would be assessed, for the purpose of destroying opposition to the proposed improvement, render taxbills issued for such improvement null and void.

Appeal from Jackson Circuit Court.—*Hon. Walter A. Powell,* Judge.

AFFIRMED.

*Ball & Ryland* for appellant.

(1) The cause of action, if any, for the cancellation of defendant's taxbill can not be stated for the

first time in a so-called reply. Where as here the nature of defendant's claim is not alleged in the petition to be "unknown" to plaintiff but is distinctly stated, without intimation even that it is invalid. Rhodes v. Land & Lumber Co., 105 Mo. App. 279; Gage v. Cantwell, 191 Mo. 698. (2) It is not alleged in petition or reply, or proven, that any rebate or contract therefor enhanced to any extent the contract price, or that but for such arrangement the work could have been let cheaper. This being so there is no injury. Allen v. Labsap, 188 Mo. 692; Jaicks v. Merrill, 201 Mo. 91; Gist v. Rackliff, 123 S. W. 921. (3) There is no equity in the petition or the reply. Plaintiff does not offer to do equity, but seeks in a court of conscience to obtain the improvement for nothing. He does not ask to be treated as he claims other property owners were treated but asks that by reason of the rebate alleged to have been given to other people of something like twenty-five per cent he may have his entire assessment cancelled and be held entitled to pay nothing for the improvement. (4) The petition to the council to order the paving of the street is outside of the charter law, was not requisite at all to the action of the city authorities, and with or without such petition the regularity of the proceedings and the letting of the contract was valid. The precedent action of the contractor in soliciting the property owners to sign the petition for the improvement did not affect in any way the validity of the city's proceedings. (5) At the very utmost in equity all that the plaintiff could be accorded would be equal treatment with those to whom concessions were given. To permit him to cry fraud in respect to those concessions and allow him thereby to secure the improvement for nothing would be to allow him to perpetrate a much greater fraud than the one he denounces. "He who seeks equity must do equity."

*Clyde Taylor* for respondent.

(1) This action is properly brought and the relief was properly granted under Sec. 650, R. S. 1899. A petition in the words of the statute is good pleading and is sufficient. Huff v. Land Company, 157 Mo. 65. (2) It is submitted that the case at bar presents an appropriate situation for the employment of the beneficial provisions of section 650. Plaintiff alleged he owned the title; defendant claimed an interest. The charter of Kansas City made the taxbill a lien upon the property. Eyssell v. St. Louis, 168 Mo. 607; Mann v. Doer, 222 Mo. 12. (3) Plaintiff's reply was responsive to the new matter in the answer, and testimony was properly admitted under the issues made thereby. (4) The whole proceeding was void by reason of the fact that the defendant entered into the secret side agreements with certain favored property owners to the effect that such owners should receive rebates or reductions upon their taxbills when issued, and no valid tax bill can be supported thereby. The proposition that the secret side agreements rendered the whole proceeding void, is not a new question in this state. It has been decided here and elsewhere. Childers v. Holmes, 95 Mo. App. 154; Rider v. Parker-Washington Company, 128 Southwestern 226; Kurtz v. Knapp, 127 Mo. App. 608; Brady v. Bartlett, 56 Cal. 350; McGuire v. Smock, 42 Ind. 1; Field v. Paving Co., 117 Fed. 925; Elliott on Roads and Streets (2 Ed.), sec. 587. (5) There is no element of estoppel in the case. The vice complained of exceeds that of a mere irregularity. It is one which nullifies the ordinance, the contract and the assessment. Verdin v. St. Louis, 131 Mo. 26; Keane v. Klausman, 21 Mo. App. 485; McCormack v. Moore, 134 Mo. App. 669; Cox v. Mignery & Co., 126 Mo. App. 669.

JOHNSON, J.—This suit was instituted in the circuit court of Jackson county, January 18, 1907, to clear the title of plaintiff to certain land owned by him in Kansas City from the lien of a special taxbill issued to defendant The Parker-Washington Company on account of an improvement of the street in front of the land made by said company under contract with the city. Plaintiff contends the taxbill is invalid because of secret rebates given by the company to other property owners, but instead of bringing a suit in equity to cancel the taxbill plaintiff in his petition founded his cause of action on section 650, Rev. Stat. 1899, and alleged only such facts and asked only such relief as that statute makes essential to the statement of a good cause of action to quiet the title to real property. On the theory that the Parker-Washington Company possibly had sold and assigned the taxbill the petition was filed against that company and other defendants unknown to plaintiff, but since the company admits it is the owner of the taxbill we shall speak of it hereafter as the defendant. The petition alleged that plaintiff was the owner in fee of the land in question and in possession thereof and that the defendant is "claiming some title, estate and interest in and to said real property adverse to the title, estate and interest of plaintiff therein."

The petition then proceeds to state in substance that the adverse claim consists of the alleged lien of a special taxbill of $618.13, issued by Kansas City for the paving of Twenty-first street from Tracy avenue to Charlotte street, "a more complete description of which said taxbill plaintiff cannot give for the reason that the same has never been in his possession, and neither it nor a copy thereof has ever been accessible to plaintiff; that the interest of such persons so unknown to plaintiff as aforesaid in the subject-matter of this petition so far as plaintiff's knowledge extends, consists in having such taxbill declared a law-

ful lien upon the land above described to secure the payment of the amount of said taxbill and interest thereon." The prayer of the petition is that the court "try, ascertain and determine the title, estate and interest of the plaintiff and the defendants and each of them respectively in and to said real property, and by its judgment and decree define whatever interest the several parties, plaintiff and defendants, herein, may have in and to said real estate."

Defendant in its answer admits that it is asserting a lien against the property, alleges that the taxbill is due and unpaid and prays for the foreclosure of the lien. The reply is as follows: "Plaintiff for reply to the answer of The Parker-Washington Company to the first amended petition says that the taxbill referred to in said answer is and at all times has been void and of no effect for the reason that the said defendant, The Parker-Washington Company, prior to the issuance of said taxbill and the passage of the ordinance under which the same was issued entered into a private agreement with the owners of some of the property to be assessed for the payment of the work under said ordinance whereby it was agreed that such owners so entering into said agreement should receive a rebate on the assessment against their property; that said private agreement was fully carried out and said rebates allowed; that by virtue of said rebates, the assessment pursuant to which said taxbill was issued against plaintiff's property, did not constitute an apportionment of the cost of said work according to the front feet of the property facing on the street upon which the public improvement was made; that by virtue thereof said assessment and apportionment was unequal, fraudulent and void."

Uncontradicted evidence was adduced at the trial by plaintiff to the effect that before the passage of the ordinance authorizing the improvement, defendant

obtained the signatures of three owners of lands abut-ting the street to a petition for the paving and allayed their opposition to the proposed improvement by giv-ing each a secret rebate from his assessment of from $125.00 to $150.00.

Throughout the trial the court treated the action as a statutory suit to quiet title and rendered judg-ment for plaintiff adjudging that "he is the owner in fee simple of the real estate . . . that said taxbill is null and void and of no effect whatsoever and that the same does not constitute any lien and does not give any estate, or interest in or on the said land," and that plaintiff "holds the land free and clear of said taxbill the same as though it had never been is-sued."

After unsuccessfully moving for a new trial and in arrest of judgment, defendant filed application for appeal and was allowed an appeal to the Supreme Court. A decision was rendered by that court on the question of jurisdiction (235 Mo. 467). In the opinion, which was written by VALLIANT, J., the court hold that though in form the action is one under the statute to quiet title to real estate, in substance it is a suit to cancel the lien of a special taxbill and looking rather to substance than to form the court regard the action as one not directly affecting the title to real property and, therefore, as one not within the jurisdiction of the Supreme Court. Accordingly the cause was trans-ferred to this court.

The first complaint of defendant raises a ques-tion of pleading. It is the idea of counsel that since the petition does not raise the issue of the invalidity of the taxbill and that issue first is tendered by plain-tiff in his reply, it must follow that the cause of ac-tion for which plaintiff recovered judgment is not the same cause pleaded in the petition and was not brought into the case in the proper manner.

It is a fundamental rule of pleading that a plaintiff must recover, if at all, on the cause pleaded in his petition and on no other cause. He is not allowed to draw his adversary's fire and then shift his position in the reply by bringing forth a new cause of action. The reply is a purely defensive pleading and its sole office is to interpose a defense to new matter pleaded in the answer. [Rhodes v. Land & Lumber Co., 105 Mo. App. 279.] Thus in a law case if the answer pleads an affirmative defense or seeks to enforce a cause of action asserted by the defendant against the plaintiff as in a counterclaim, the function of the reply is to controvert such affirmative defense or counterclaim and in an equity case the only office it may perform is to oppose an affirmative defense or cross-bill. In neither class of cases will the reply be suffered to usurp the functions of the petition.

But we do not think plaintiff's case falls under the ban of the rule. Grant that the real purpose of the suit was to obtain the cancellation of a lien procured by fraud, we do not understand that plaintiff had no other remedy than an action in equity to cancel and set aside the pretended lien.

"The statute," says the Supreme Court in Ball v. Woolfolk, 175 Mo. 278, "is highly remedial and beneficial in its purposes, and supplements the old equitable remedy to remove a cloud from title and is much more comprehensive in its scope. It lies against 'any person having or claiming to have any title or interest in such property' and is broad enough to include a future or contingent interest." And of course is broad enough to include any sort of a lien on real property such as a mortgage lien, a mechanic's lien, or the lien of a special taxbill.

"The object of the statute is to allow a person who claims any estate in the land either in possession or expectancy, without waiting to have his rights tres-

passed upon, to call anyone who claims an adverse interest into court to declare his claim, to the end that the court may then settle the title as between them.'' [Huff v. Land & Imp. Co., 157 Mo. 65.]

And it is held in that case that a petition that alleges title in plaintiff, that defendant claims some adverse title and prays the court to ascertain and determine the title states a good cause of action. Under this rule plaintiff's petition stated a good cause of action and being good when filed could not be made bad by the answer of defendant. The allegation in the answer of the right in defendant to a lien against the property coupled with a prayer for the foreclosure of the lien was the pleading of new matter—an assertion of a right to affirmative relief and the attack in the reply on this asserted right was purely defensive and in no sense the pleading of a new cause.

Passing to the merits of the case we shall dispose of the points raised by defendant by saying that all of them were considered and ruled adversely to the position of defendant in the recent decision of this court in Rider v. Parker-Washington Co., 144 Mo. App. 67.

The granting of secret rebates to some of the owners, whose property would be assessed, for the purpose of destroying opposition to the proposed improvement and thereby to enable defendant to procure the contract from the city was a fraud on plaintiff and the other innocent property owners of a character to vitiate the whole assessment. We refer to our opinion in the Rider case for a more comprehensive expression of the views we entertain on this subject.

The judgment is affirmed. All concur.