KALMAN SMISSMAN, Respondent, v. ROLLA WELLS, Receiver of the UNITED RAILWAYS COMPANY OF ST. LOUIS, Appellant.

St. Louis Court of Appeals. Opinion Filed November 6, 1923.

1. **NEGLIGENCE: Electricity: Broken Trolley Wire: Pleading: Proof: Res Ipsa Loquitur Doctrine.** In an action to recover for personal injuries and damages caused by coming in contact with a broken trolley wire, plaintiff having proved that defendant's live trolley wire was down in a public street, and that he, while rightfully on the street, was injured by coming in contact with it, made out a prima-facie case of negligence, and the burden was cast upon the defendant to prove to the satisfaction of the jury that the live wire was in the street through no fault of its servants and agents, and consequently the negligence pleaded in the petition alleging such facts set up general negligence and not specific negligence.

2. ———: ———: **Degree of Care Required.** The law imposes upon those engaged in the transmission and utilization of electricity over and along public streets, to use the highest degree of care to keep their wires in such condition as to prevent injury to persons rightfully on the streets caused by the escape of the deadly fluid from its wires.

3. **PLEADING: Petition: Reply: Res Ipsa Loquitur Doctrine: Petition Alleging General Negligence Not Changed by Reply.** In an action for personal injuries and damages caused by coming in contact with a broken trolley wire owned by defendant, where the allegations of the petition brought the case within the doctrine of *res ipsa loquitur*, and the negligence pleaded is general, the reply which alleged that if there was a stroke or flash of lightning, as alleged in the answer, it was not the cause of the falling of the wire, but that the said trolley wires were old, worn, loose at their connections, rusty and weak, etc., did not lift the case from the realm of *res ipsa loquitur*, nor change it from one of general to one of specific negligence.

4. ———: ———: ———: **Petition Cannot be Amended by Reply.** The plaintiff cannot amend his petition by reply.

5. ———: ———: ———: **Recovery Must be Had on Allegations of Petition.** The plaintiff must recover, if at all, on the allegations of his petition, and not upon one which first appears in his reply.

6. ———: ———: ———: **Reply Defensive Pleading.** A reply is purely a defensive pleading, its sole office being to interpose a defense to new matter pleaded in the answer.

7. **NEGLIGENCE: Concurrent Negligence: Act of God: Negligent Injury Concurring with Act of God: Actionable.** Under the doctrine of concurrent negligence, if defendant's negligence concurred with the act of God and became a part of the direct and proximate cause of plaintiff's injury, although not the sole cause, it is liable.

8. ———: **Electricity: Lightning: Negligence in Not Using Precautions Against Lightning: Question for the Jury.** In an action for personal injuries caused by coming in contact with a broken trolley wire on a public street, where the evidence did not conclusively show that the falling of the trolley wire was due to a direct stroke of lightning, whether defendant was negligent in failing to adopt every reasonable precaution against said danger, and to avail itself of such known or generally approved appliances or devices as were effective in protecting its wires from lightning so as to lessen the danger to persons lawfully using the highway, was a question for the jury.

9. ———: ———: **Transmitting Electricity by Wires: Highest Degree of Care Required.** It is the duty of one engaged in transmitting electricity by means of high tension wires suspended over the public streets, to use the highest degree of care to protect persons rightfully using the highways against injury caused by coming in contact with its said wires: such degree of care means the highest

degree of care which skill and foresight can obtain, and the exercise of that degree of care exacts the use of the best appliances available.

10. ———: ———: Instructions: Evidence: Sufficient Predicate for Instructions Requiring Highest Degree of Care. Evidence of the assistant line-man of defendant electric street railway company, who repaired the broken wire with which plaintiff came in contact in the street, that the wire was worn half way, was sufficient predicate for an instruction that it was the duty of the defendant to use the highest degree of care practicable among prudent, skillful and experienced men in the same kind of business to install and maintain, safe, unworn and the best trolley wire or wires.

11. DAMAGES: Elements: Paralysis of Vocal Cords: Evidence: Admissible Under Allegation that Voice Was Weakened and Impaired. In an action for personal injuries and damages caused by coming in contact with a broken trolley wire, evidence that plaintiff's larynx was paralyzed, and that he suffered from paralysis of the muscles to which the vocal cords were attached, was admissible under the allegations of his petition that his voice was and would be weakened and impaired.

12. REMARKS OF COUNSEL: Not Contained in Bill of Exceptions nor Record: Presumed that the Alleged Improper Conduct did not Occur. Where alleged improper argument to the jury is not contained in the bill of exceptions, and the record does not show that any objection was made at the trial to said argument, nor that the court failed to rebuke said counsel, the appellate court must presume the alleged misconduct did not occur.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. Wilson A. Taylor*, Judge.

AFFIRMED.

*Charles W. Bates, T. E. Francis* and *Edward P. Walsh* for appellant.

(1) The court erred in overruling appellant's instruction in the nature of a demurrer offered at the close of plaintiff's case in chief, and again tendered at the close of all the testimony for the reason that plaintiff's evidence not only totally failed to substantiate any of the assignments of negligence, but that the evidence, as a

whole, positively and affirmatively demonstrated that said assignments were unfounded. Keith v. Modern Woodmen of America, 164 Iowa, 239; Daniel v. Pryor et al., 227 S. W. 102; Brier v. Bank, 225 Mo. 673; Smith v. Sovereign Camp of the Woodmen of the World, 179 Mo. 123; Brim v. Globe Printing Co., 232 S. W. 676; Israel v. United Rys. Co., 172 Mo. App. 656; Pointer v. Mountain Railway Construction Co., 269 Mo. 104; Day v. Consolidated Light, Power & Heat Co., 136 Mo. App. 274; Luehrmann v. Gas Co., 127 Mo. App. 213; Curtis Law of Electricity, p. 583. (2) Plaintiff's instruction No. 1 is erroneous for the reasons that: (a) It permits a recovery if defendant failed to use the "best" trolley wire. This would make defendant an insurer. (b) It permits a recovery if defendant failed to install and maintain an "unworn" trolley wire. This certainly would make defendant an insurer. (c) It permits a recovery if the wire were "old," by reason of the disjunctive "or" in the phrase "were old, defective, worn or weak." This likewise would make defendant an insurer. Such is not the law. Curtis Law of Electricity, p. 583; White v. Huntsville, 167 Mo. App. 155; Luehrmann v. Gas Co., 127 Mo. App. 213. (3) Plaintiff's second instruction is erroneous for the reason that it permits a recovery if there was any defect whatever "in the installation, maintenance and operation of said electric trolley street car system," and thus broadens the issues. Beave v. Transit Co., 212 Mo. 331; Degonia v. Railroad, 224 Mo. 564. (4) Plaintiff's instruction No. 3 is erroneous in that it is predicated upon the theory that this is a *res ipsa loquitur* case, instead of submitting to the jury the question of defendant's negligence in any of the particulars charged. Day et al. v. Consolidated Light, Power & Heat Co., 136 Mo. App· 274. (5) The court errein refusing to give and read to the jury appellant's refused instructions D, E, F and H. The court correctly stated the law, and if given would have withdrawn from the jury's consideration assignments of negligence that were not borne out by the evidence, but were in fact refuted by it. Luehr-

mann v. Gas Light Co., 127 Mo. App. 213; Southwestern Telegraph & Telephone Co., 110 S. W. 767; Majors v. Clark Power & Water Co., 205 Mo. App. 337; Roseman v. United Railways Co., 197 Mo. App. 837. (6) Over objection of appellant, the court erred in permitting Dr. Caplan to testify that the left side of plaintiff's larynx was paralyzed, and in permitting Dr. Frank to testify that plaintiff was suffering from paralysis of the muscles to which the vocal cords are attached, and further erred in failing to strike out this testimony for the reason that no allegation of such injuries were pleaded. As they constituted special damages not naturally arising from injuries complained of, it was imperative upon plaintiff to set them out in his petition. Hall v. Coal & Coke Co., 260 Mo. 370; Smith v. United Railways Co., 227 S. W. 866. (7) The court erred in overruling defendant's objections to improper argument on the part of counsel for plaintiff in his closing argument to the jury. Tarreyson v. United Railways Co., 144 Mo. App. 626.

*S. P. Bond* for respondent.

BRUERE, C.—Action by plaintiff, respondent here, to recover for personal injuries and damages caused by coming in contact with a broken trolley wire owned by the defendant company. The trial resulted in a verdict for the plaintiff for eighteen hundred dollars, and defendant appealed.

The charging part of the petition is as follows:

"That on the 16th day of June, 1919, whilst plaintiff was driving his horse and riding in his buggy on the street or near the street car tracks, in charge of and operated by the defendant, on Carr street, a public street and thoroughfare, in said city of St. Louis, at or near its intersection of High Street, a public street and thoroughfare of the city of St. Louis, said streets and tracks being used at all hours of the day by the defendant to run street cars thereon, by means of an electric trolley wire charged with electricity of great power

and danger suspended above said tracks and which it was the duty of the defendant to exercise the highest degree of care to maintain and keep said trolley wire so charged with electricity from dropping on persons, vehicles and horses and coming in contact with persons, vehicles and horses, on the tracks and streets which were used by men, women and children and persons riding and driving thereon, under and beneath said electric trolley wire at all times of the day, yet said electric wire, under the management, control and use of the defendant, suspended over the said tracks operated by the defendant and so charged with a dangerous and deadly current of electricity was negligently and carelessly permitted to drop by the defendant, and came in contact with the plaintiff's horse, buggy and plaintiff, thereby killing plaintiff's horse, damaging his buggy and harness and injuring plaintiff as hereinafter described.''

The answer denies the negligence charged, and, for an affirmative defense, avers that whatever injuries and damages, if any, plaintiff sustained were caused by an act of God, in that, at the time and place charged in plaintiff's petition, a storm of the elements was raging in which lightning struck the wire mentioned in plaintiff's petition and caused the same to break and fall.

The plaintiff in his reply denies generally the allegations in defendant's answer and for further reply avers that ''if there was a stroke or flash of lightning as alleged in defendant's answer it was not the cause of the falling of the wire, but that said trolley wires were old, worn, loose at their connections, rusty and weak, and there was further negligence in the defendant not having lightning arrester and arresters on their lines and at the place of injury to divert any stroke of lightning which might occur, and further there were many wires above the electric trolley wires which would have received a flash or stroke of lightning and diverted it before hitting the defendant's trolley wire.''

The plaintiff's evidence tends to show that on the 16th day of June, 1919, while plaintiff was driving his horse and buggy east on Carr street, a public street in

the city of St. Louis, at the intersection of High street, a trolley wire of the defendant, charged with a high current of electricity and which was suspended over said intersection, fell and came in contact with plaintiff's horse, harness, buggy and plaintiff's person, thereby injuring plaintiff, killing his horse, and damaging his buggy and harness.

The evidence for the defendant tended to show that an electrical storm was raging at the time and place of the accident, and that the trolley wire was struck by a stroke of lightning causing the same to break and fall into the street.

Plaintiff's evidence, in rebuttal, tended to show that, at the time of the accident, the defendant company had no lightning arresters on their trolley poles and wires; that lightning arresters were used by street railway companies and others supplying electricity by means of overhead wires upon the public streets; that they were used for the purpose of detracting electricity from the wires and diverting it to the ground, and that they prevented the wires from breaking when struck by lightning. Evidence was also introduced by the plaintiff to the effect that the broken wire was worn half away, and that a current of electricity passing over a wire had the tendency to get to the ground through the weakest part of the wire.

In contradiction of defendant's testimony that a bolt of lightning struck the trolley wire, the evidence of the plaintiff shows that, at the time and place of the accident, there were many wires above the trolley wire, on both sides of High and Carr streets, which would have received a stroke of lightning and diverted and prevented it from striking the trolley wire.

Defendant's evidence, in surrebuttal, tended to show that lightning arresters were used to take up the overcharge of electricity or lightning from the atmosphere and divert it from the plant to the ground; that defendant company had no lightning arresters installed on their trolley poles and wires, except where their lines entered power stations; that the installation of lightning ar-

resters would not prevent a direct charge of electricity by a stroke of lightning from breaking a trolley wire because such a stroke would blow them all to pieces; and that it was the practice to install lightning arresters, on trolley lines, only where those lines enter buildings, or power stations, and that this was done to protect the machinery and apparatus in the stations from being damaged by a stroke of lightning striking the wires.

The errors assigned relate to the refusal of the trial court to direct a verdict for the defendant at the close of the whole case, to the giving and refusing of instructions, to the admitting of evidence over the objection of the defendant and to the overruling of defendant's objection to the alleged improper argument to the jury on the part of counsel for plaintiff.

In support of the contention that the demurrer to plaintiff's evidence should have been sustained, it is urged, that the plaintiff, having pleaded specific negligence, totally failed in his proof to substantiate the allegations of his petition. To this we cannot assent. The negligence pleaded in the petition is general negligence and not specific negligence. The proof of the facts alleged made out a case peculiarly within the doctrine of *res ipsa loquitur*—the thing speaks for itself. The law of this State imposes upon those engaged in the transmission and utilization of electricity, over and along public streets, to use the highest degree of care to keep their wires in such condition as to prevent injury to persons, rightfully on the streets, caused by the escape of the deadly fluid from its wires. The plaintiff having proved that defendant's live trolley wire was down in a public street and that he, while rightfully on the street, was injured by coming into contact with it, made out a complete prima-facie case of negligence, and the burden was cast upon the defendant to prove to the satisfaction of the jury that the live wire was in the street through no fault of its servants and agents. [Gannon v. Gas Co., 145 Mo. 512, 47 S. W. 907; Grady v. Louisiana Light, Power and Traction Co., 253 S. W. 202, and cases cited therein; Kelley v. Higginsville, 185 Mo. App. 60, 171 S.

W. 966, Cleary v. St. Louis Transit Co., 108 Mo. App. 436, 83 S. W. 1029; Price v. Metropolitan Street Ry. Co., 220 Mo. 453, 119 S. W. 932.]

It is urged, however, that the plaintiff, by the allegations in his reply, "has lifted his case from the realm of *res ipsa loquitur* and that the charge is, therefore, not one of general, but of specific negligence, to establish which plaintiff is held to strict proof." This position is not sound. The reply herein does not change the theory on which this suit was brought. It simply contains new matter not inconsistent with the petition, constituting a defense to the allegations set up in the answer. Moreover we must look to the petition for plaintiff's cause of action. A plaintiff cannot amend his petition by his reply. It is a fundamental rule of pleading that a plaintiff must recover, if at all, on the allegations in his petition and not upon one which first appears in his reply. A reply is purely a defensive pleading, its sole office being to interpose a defense to new matter pleaded in the answer. [Platt, Jr. v. Parker-Washington et al., 161 Mo. App. 669, 144 S. W. 143; Jackson v. Powell, 110 Mo. App. 249, 84 S. W. 1132; Rhodes v. Land & Lumber Co., 105 Mo. App. 279, 79 S. W. 1145; Mathieson v. Railroad, 219 Mo. 542, 118 S. W. 9; Berryman v. Southern Surety Co., 227 S. W. 102; Crawford v. Spencer, 36 Mo. App. l. c. 82; Davis v. W. U. Tel. Co., 198 Mo. App. 692, 202 S. W. 292; City of Columbia v Malo, 217 S. W. 625; Section 1235, Revised Statutes of Missouri, 1919.]

It is further urged that the demurrer should have been sustained because the evidence conclusively shows that the falling of the trolley wire was due to a direct stroke of lightning, an act of God, for which the defendant cannot be held responsible. This contention would be sound if the evidence conclusively showed that the accident was caused solely by the act of God. Under the doctrine of concurrent negligence which prevails in this State, if defendant's negligence concurred with the act of God and became a part of the direct and proximate cause of plaintiff's injury and damage, although not the

sole cause, it is liable. [Brash v. City of St. Louis, 161 Mo. 437, 61 S. W. 808; Harrison v. Kansas City Electric Light Co., 195 Mo. 623, 93 S. W. 951; Booker v. Railroad, 144 Mo. App. 284, 128 S. W. 1012; Newcomb v. N. Y. C. & H. Ry. Co., 169 Mo. 409, 69 S. W. 348.]

The defendant company was bound to anticipate that lightning might strike its wires and cause the escape of the current therefrom; and it was its duty to adopt every reasonable precaution against said danger, and to avail itself of such known or generally approved appliances or devices as were effective in protecting its wires from lightning, so as to lessen the danger to persons lawfully using the highway. [Wilhite v. Huntsville, 167 Mo. App. 159, 151 S. W. 232; Melcher v. Freehold Investment Co., 189 Mo. App. 175, 174 S. W. 455; Jacksonville Ice & Electric Company v. Moses, 134 S. W. 382; Southwestern Telegraph & Telephone Company v. Abeles, 126 S. W. 726; Hollis v. K. C. Light & Power Co., 204 Mo. App. 306, 224 S. W. 158; Clark v. Railroad, 234 Mo. 423, 137 S. W. 583; Geismann v. Missouri-Edison Electric Co., 173 Mo. 674, 73 S. W. 654; Gannon v. Gas Company, supra; 1 Joyce on Electric Law, sec. 445f, p. 746.] We hold that the case was one for the jury.

Defendant contends that instruction No. 1, given for the plaintiff, is erroneous because in it the jury were told that it was the duty of the defendant "to use the highest degree of care practicable among prudent, skillful and experienced men in the same kind of business to install and maintain safe, unworn and the best trolley wire or wires at or near Carr Street and High street in said city." . . . . In support thereof it is urged that there is no testimony in the record upon which this instruction could be predicated and that the use therein of the words "unworn and the best trolley wire" constituted the defendant an insurer.

As to plaintiff's first contention, it will suffice to say that defendant's assistant lineman, who repaired the broken wire, testified that the wire was worn half away.

Addressing ourselves to plaintiff's second contention, as we have hereinbefore noted, under the law of this

State, it was the duty of the defendant, in transmitting electricity by means of high tension wires suspended over the public streets, to use the highest degree of skill and care to protect persons, rightfully using the highways, against injury caused by coming into contact with its said wires. Said degree of care means the highest degree of care which skill and foresight can obtain, and the exercise of that degree of care exacts the use of the best appliances available. [Gannon v. Gas Company, supra, and cases hereinbefore cited.]

Our holding on the question whether or not the negligence pleaded in the petition is general or specific negligence, decides the other assignment of errors which are directed against the instructions given for the plaintiff. What we have hereinbefore said also disposes of the assignment of errors which are directed against the action of the trial court in refusing defendant's instructions D, E, F, and H.

It is next urged that the trial court erred in permitting, over defendant's objection, Dr. Caplan to testify that the left side of plaintiff's larynx was paralyzed, and in permitting Dr. Frank to testify that plaintiff was suffering from paralysis of the muscles to which the vocal cords are attached, for the reason that no allegations of such injuries were pleaded.

The petition alleges "that the force of electricity from said trolley wire was so great that . . . his entire person was shocked . . .; that *his voice was and will be weakened and impaired* and he has been and will be, by reason of said injuries and nervous shock, permanently injured." We think the evidence was admissible under the allegations of the petition. The larynx contains the vocal cords which produce the voice by their vibrations. A paralysis of the larynx or its muscles necessarily proves an injury to the voice.

As to defendant's objection to the overruling of its objection to the alleged improper argument to the jury on the part of counsel for plaintiff, it will suffice to say that the alleged argument is not contained in the bill of

exceptions. Neither does the record show that any objection was made at the trial to said argument, nor that the court failed to rebuke said counsel. In this state of the record we must presume the alleged misconduct did not occur.

It follows that the judgment should be affirmed. The Commissioner so recommends.

PER CURIAM:—The opinion of BRUERE, C., is adopted as the opinion of the court. The judgment of the circuit court of the city of St. Louis is accordingly affirmed. *Allen, P. J.*, and *Becker* and *Daues, JJ.*, concur.